TURNER v. ONTIBEROS. (No. 673.)

(Court of Civil Appeals of Texas. El Paso. March 22, 1917. Rehearing Denied April 19, 1917.)

1. APPEAL AND ERROR ☜1010(1)—REVIEW—SETTING ASIDE FINDINGS.

Where a finding of fact has some evidence to support it, the appellate court will set it aside only where it is against such a preponderance of evidence that it is clearly wrong.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3981.]

2. RELEASE ☜12(3), 16—GROUNDS OF AVOIDANCE—ABSENCE OF FRAUD.

Mere inadequacy of consideration for which a release is given and ignorance of the releasor's rights is insufficient to avoid the release in absence of fraud or other improper influence.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 20, 31.]

3. RELEASE ☜17(2)—FRAUD—KNOWLEDGE OF CONDITION.

Mere knowledge of the releasor's ignorance and weakness of mind will not make the other party guilty of fraud.

[Ed. Note.—For other cases, see Release, Cent. Dig. § 32.]

4. RELEASE ☜15—MENTAL CAPACITY—SUFFERING AND OPIATES.

One whose mind is so enfeebled by suffering or influence of opiates that he does not understand the nature and effect of his release is incompetent to execute it.

[Ed. Note.—For other cases, see Release, Cent. Dig. § 30.]

5. RELEASE ☜52—SUFFICIENCY OF ALLEGATION—MENTAL CAPACITY.

Allegation that execution of a release "was done without his knowledge or consent" or "while he was under the influence of opiates or suffering from the injuries and was not himself" sufficiently alleged mental incapacity in the absence of special exception.

[Ed. Note.—For other cases, see Release, Cent. Dig. § 92.]

6. RELEASE ☜57(1)—MENTAL INCAPACITY — EVIDENCE.

Evidence that plaintiff was in great pain, out of his head, and did not know anything or anybody when signing release was evidence of mental incapacity.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 106, 107.]

7. APPEAL AND ERROR ☜994(3)—CREDIBILITY OF WITNESSES—QUESTION FOR TRIAL COURT.

Upon trial before the court without a jury the credibility of witnesses was a question for the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3904–3905½.]

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Felipe Ontiberos against S. T. Turner. Judgment for plaintiff, and defendant appeals. Affirmed.

Burges & Burges, of El Paso, for appellant. Weeks & Owen and Gibson & Wilson, all of El Paso, for appellee.

HIGGINS, J. Ontiberos was a laborer upon Turner's farm. While engaged in feeding a feed chopper, his hand was caught by the knives of the machine and his fingers severed. He brought this action to recover his damages sustained by the injury. The defendant pleaded assumed risk, contributory negligence, and a release executed in consideration of $25 paid.

By supplemental petition appellee denied the execution of a release, but averred, if defendant had such a release executed by him, "that the same was done without his knowledge or consent, or while he was under the influence of opiates or suffering from the injuries and was not himself;" that the payment of $25 was a wholly inadequate consideration; that he was a minor at the date the release was executed.

The case was tried before the court, and judgment rendered in favor of plaintiff for his damages in the sum of $975. Findings of fact and conclusions of law were filed by the court. He found that defendant was negligent in failing to provide a safe place to work and in failing to instruct plaintiff in the use and dangers of the machine; that plaintiff did not assume the risk and was not guilty of contributory negligence; that the release pleaded by defendant was executed by plaintiff, and that he received $25 in consideration thereof; that such sum was wholly insufficient and inadequate; that he was 21 years of age at the time of his injury; that plaintiff was ignorant of his rights at the time he executed the release, which was known to defendant; that at the time the release was executed plaintiff "was not in such condition of mind as to know or appreciate the nature or effect of signing such release," which was known to defendant. Upon the facts found the court concluded that the defendant became liable to plaintiff, and "that the release obtained by defendant was not binding on plaintiff on account of the weakness of plaintiff's mind at the time of such release, on account of the inadequacy of the consideration therefor, and on account of his ignorance of his rights."

Under his fourth and fifth assignment it is asserted that the evidence discloses that plaintiff's injuries were proximately caused by his own negligence and that he had as-

sumed the risk. Under the first and second assignments it is asserted that the evidence so overwhelmingly discloses that the plaintiff was guilty of contributory negligence or had assumed the risk that this court should set aside the findings of the lower court upon these issues. We will not undertake to detail the evidence upon the issues. It is sufficient to say that in our opinion the issues are raised by the evidence and that it is sufficient to support the findings.

[1] The appellate court will set aside a finding of fact which has some evidence to support it in those cases only where the finding is against such a preponderance of the evidence that it is clearly wrong. Insurance Co. v. Fulghum, 177 S. W. 1008; Railway Co. v. Somers, 78 Tex. 439, 14 S. W. 779; Railway Co. v. Schmidt, 61 Tex. 282; Zapp v. Michaelis, 58 Tex. 275; Short v. Kelly, 62 S. W. 944; Kohlberg v. Awbrey & Semple, 167 S. W. 829. The evidence upon the issues of assumed risk and contributory negligence does not fall within this rule.

[2] The remaining assignments relate to the findings and conclusions as to the validity of the release. Mere inadequacy of the consideration for which the release was given and ignorance by plaintiff of his rights at the time the release was executed, in the absence of fraud, or some other improper influence, is insufficient to avoid the release. There is no finding of fraud or other improper influence.

[3] The mere knowledge upon the part of defendant of plaintiff's ignorance and his weakness of mind does not make defendant guilty of any fraud. So, if the release is to be avoided, it must rest upon the mental incapacity of plaintiff to contract at the time it was given. The court found as a fact that plaintiff "was not in such condition of mind as to know or appreciate the nature or effect of signing such release," and one of his legal conclusions was that the release was not binding on account of the weakness of plaintiff's mind at the time it was given. This, in effect, was a conclusion that plaintiff was mentally incompetent to contract when he gave the release. Upon this phase of the case appellant asserts there was neither pleading nor proof sufficient to support such a finding.

[4, 5] The pleading is not in a satisfactory condition upon this issue. The allegation is that, "if this defendant has a release executed by this plaintiff, the same was done without his knowledge or consent, or while he was under the influence of opiates or suffering from the injuries and was not himself, if such was the case." One whose mind is so enfeebled by suffering or the influence of opiates that he does not understand the nature and effect of his agreement or act is incompetent to contract. 1 Parsons on Contracts (9th Ed.) p. 383; 9 Cyc. 459. In the absence of a special exception, the allegation was sufficient to raise the issue of the plaintiff's mental capacity to execute a valid release. The allegation that the release "was done without his knowledge or consent" or "while he was under the influence of opiates or suffering from the injuries and was not himself" was sufficient to convey the idea that the execution of the release was under such circumstances that his mind was without an understanding of its nature and effect.

This would be all that is required unless a special exception was addressed to the form of the allegation. As to the evidence upon the issue, it is very true there is an abundance of testimony that the plaintiff was perfectly rational and himself when he executed the release. On the other hand, it is shown that the release was given on the second day after the injury and after plaintiff had been placed under an anesthetic and an operation performed.

[6, 7] The plaintiff testified he was in terrible pain, out of his head, and did not know anything or anybody for the first five days after the accident. This was evidence of mental incapacity. The trial court having accepted the plaintiff's version of his mental condition, there is nothing for this court to do except to sustain the finding. The credibility of the witnesses was for that court to pass upon.

Affirmed.