Eva T. HAYES, Appellant,

v.

**ROUX LABORATORIES, INC., Appellee.**

No. 4323.

Court of Civil Appeals of Texas.

Eastland.

June 20, 1969.

James G. Clement, Irving, for appellant.

Bailey, Williams, Weber & Allums, James A. Williams, Dallas, for appellee.

GRISSOM, Chief Justice.

Eva T. Hayes sued Roux Laboratories, Inc., for damages caused by application of Crem D'Lite to Mrs. Hayes hair by the defendant. Crem D'Lite is a hair lightener which was manufactured and applied by the defendant. She alleged that as a result of the application of said product she was damaged. She alleged her damages were caused by the negligence of the defendant and she also asserted as a ground of liability breach of an implied warranty that said product was fit for the purpose for which it was used. The defendant pleaded and established execution by plaintiff of a release and covenant not to sue. It was undisputed that before application of the product by defendant's agents in New York that Mrs. Hayes voluntarily executed an instrument which recited that in consideration of materials to be furnished and services to be performed by the defendant, without charge to her, that she assumed all risks of injury thereby and released defendant from all liability therefor and agreed not to sue it on account thereof. The plaintiff answered the defendant's motion for summary judgment with an affidavit in which she admitted execution of the release and covenant not to sue prior to application of Crem D'Lite. She alleged therein that she "receive no consideration—and the application of Crem D'Lite was not beneficial,—" but damaging, and that she received no money for signing the release; that she would not have signed it if she had understood it was a release of damages that might result from use of said product. The court sustained the defendant's motion for a summary judgment and rendered judgment accordingly. Mrs. Hayes has appealed.

**622**

Appellant's points are that the court erred in sustaining the defendant's motion for a summary judgment (1) on the ground that the release absolved defendant of liability, because consideration for the release "failed" and it was therefore ineffective, and (2) because fact issues were raised by the pleadings.

 It was established by the summary judgment "evidence" that, at Roux Laboratories in New York City, the product was applied to appellant's hair by appellee without charge and that the release and covenant not to sue was executed before its application. The release contains recitals that it was executed in consideration of materials to be furnished and services to be performed, without charge, for which appellant agreed to assume the risk of any damage caused by use of said product, released appellee from liability therefor and agreed not to sue it if she were damaged. Appellant's affidavit that she received no consideration for execution of the release is a legal conclusion which is shown by her admissions of fact to be erroneous. Said conclusion would not have been admissible in evidence and it could not have been considered in this summary judgment proceeding. Rendition of a summary judgment cannot be defeated by such broad conclusions of law. The admitted facts show that Mrs. Hayes got everything that she bargained for and that she did receive a consideration for execution of said contract. There is no contention that the release is ambiguous or that its execution was induced by fraud. Weaver v. Brandin, 394 S.W.2d 709, 712 (Tex.Civ. App., writ dism.); Mason v. Mid-Continent Supply Co., 374 S.W.2d 922, 925 (Tex.Civ. App., Ref. n. r. e.); Westfall v. Lorenzo Gin Company, 287 S.W.2d 551, 555 (Tex. Civ.App.); Bliss v. City of Fort Worth, 288 S.W.2d 558, 562 (Tex.Civ.App., ref. n. r. e.).

■ The effect of appellant's contention on appeal is that the consideration for the release and covenant not to sue was inade- quate and for that reason the court should not have given effect to that instrument. Mere inadequacy of the consideration is insufficient to destroy the effect of said release and covenant not to sue. The contract, which she admitted executing was a release of the appellee from any liability for damages caused by use of appellee's product. Appellant makes no contention that any promise made by appellee was not performed. She presents no evidence of fraud inducing execution of the release and covenant not to sue. She only contends that the consideration was inadequate. Assuming this to be true, we understand that it does not destroy the complete defense presented by virtue of Mrs. Hayes' execution of the release and covenant not to sue. 50 Tex.Jur.2d Sec. 10, p. 12. Therefore, the court did not err in rendering summary judgment for appellee. The judgment is affirmed.