Mary SLADE, Appellant,

v.

Donald Edwin PHELPS et al., Appellees.

No. 439.

Court of Civil Appeals of Texas.

Tyler.

Oct. 30, 1969.

Rehearing Denied Nov. 20, 1969.

Splawn, Maner & Nelson, Robert White Gauss, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for appellees.

DUNAGAN, Chief Justice.

This is an appeal from a summary judgment granted the defendants below. Claude Otho Gary and Mary Slade, a widow, brought suit in the 99th District Court of Lubbock County, Texas, against Donald Edwin Phelps and Pat Mills, d/b/a Pat Mills Plumbing Company, for alleged personal injuries and property damage resulting from a vehicle collision in Lubbock, Texas, on March 18, 1967.

Appellees (defendants below) filed their motion for summary judgment. After severing the cause of action of Claude Otho Gary and that of Mary Slade, the trial court granted appellees' motion for summary judgment in the suit of Mary Slade, on the ground that the cause of action attempted to be sued upon by Mary Slade had been discharged by written release executed by Mary Slade for valuable consideration paid to her on March 22, 1967. From this judgment, appellant has appealed.

In their motion for summary judgment, appellees allege that the appellant had signed a binding release based on a valuable consideration, which release extinguished any claim that she might have against the appellees.

The appellant (plaintiff below) answered appellees' motion for summary judgment wherein she alleged, among other things, no consideration or an inadequate consideration; false representations by the adjuster; and no meeting of the minds of the parties.

Appellant has brought forward three points of error in which she asserts that the trial court erred in granting appellees' motion for summary judgment on the ground that there was a binding release executed by the appellant, because there exists a question of fact as to whether or not there was a true meeting of the minds of the appellant and the appellees' insurance adjuster.

In her brief the appellant states that the question for this court to determine is: "was there a binding contract, or, more properly, did the Defendant prove that there existed no material fact as to the existence or non-existence of a binding contract."

The motion for summary judgment was submitted on the pleadings and the deposition of the appellant, Mary Slade.

It is shown that Mrs. Slade on March 22, 1967, for the consideration of the sum of $75.00 signed a release discharging the appellees "from any and all claims, demands, damages, actions, causes of action or suits at law or in equity of whatsoever kind or nature," resulting from the accident which occurred on or about March 18, 1967, at or near Lubbock, Texas.

Mrs. Slade testified that a man who she knew was an insurance man, upon her executing the release, gave her a check in the sum of $75.00, which he told her would cover her medical bills. The record does not reveal the identity of the man or in

what capacity or on whose behalf he was acting. It is presumed he was an insurance adjuster. Appellant in her brief refers to him as such, which statement is unchallenged by the appellees. Therefore, we accept it as correct. Rule 419, Texas Rules of Civil Procedure. She did not read the release prior to signing it. Immediately thereafter, she read it and after doing so, she decided that the $75.00 might not be enough and she requested the return of the release and he refused to do so. At the time of trial she had not cashed the check, which at that time was in the possession of her lawyer.

Mrs. Slade also testified that immediately after the accident, she was carried to a Lubbock hospital where she remained for one or two hours. The doctor there examined and x-rayed her and the charges were $60.00. Sometime thereafter, she did not know how long, she went one time to a doctor in Santa Fe, New Mexico. She did not know what his charges were. He made no x-rays. He only examined her.

■ Insofar as the record shows, Mrs. Slade had ample opportunity to read the release and nobody prevented her from doing so. It was her own choice to sign without reading it. It is well settled that a release cannot be avoided on the ground that the releasor was ignorant of or mistaken as to the contents of the release or failed to read the release before signing it in the absence of fraud, or some other improper influence. Turner v. Ontiberos, 193 S.W. 1089 (Tex.Civ.App., El Paso, 1917, writ ref.); Panhandle & Santa Fe Ry. Co. v. O'Neal, 119 S.W.2d 1077, 1080 (Tex. Civ.App., Eastland, 1938, writ ref.); Harvey v. Elder, 191 S.W.2d 686, 689 (Tex. Civ.App., San Antonio, 1945, writ ref.); 50 Tex.Jur.2d, page 12, Sec. 10.

■ Certainly there must be a meeting of the minds of the parties to create a valid contract, but the determination of whether the minds of the parties met and whether there was an offer and acceptance must be determined by the "objective" standards of what the parties said and did and not by their alleged "subjective" state of mind. Embry v. Hargadine, McKittrick Dry Goods Co., 127 Mo.App. 383, 105 S.W. 777 (1907); Brant v. California Dairies, Inc., 4 Cal.2d 128, 48 P.2d 13, 16 (1935); Hotchkiss v. National City Bank of New York, D.C., 200 F. 287, 293.

When the entire testimony of Mrs. Slade is viewed, we think it becomes rather clear that she knew she was executing the release in question, which extinguished any and all claims for any and all injuries and damages she may have received as a result of the accident in question, for the consideration of the sum of $75.00, which she was told would be sufficient to cover all of her medical bills. The $75.00 more than covered the charges for the medical bills established by the evidence. There is no evidence that the statement of appellees' representative was not true or that he did not believe it to be true. As we view Mrs. Slade's testimony, within a very short time after executing the release and accepting the check of $75.00 as consideration for such release, she decided she may have made a bad deal and wanted to be released therefrom.

In 13 Tex.Jur.2d, page 181, Sec. 48, we find this statement of the law: "As a general rule, mere inadequacy of the value of the consideration involved is not sufficient to invalidate a contract. In other words, consideration is ordinarily not insufficient simply because it is inadequate in a pecuniary sense. On the contrary, in the absence of fraud or overreaching the slightest consideration will be deemed to be sufficient. Thus, for example, if the consideration for the contract is sufficient to be deemed valuable, the courts will then not be concerned with the relative pecuniary values of the properties exchanged. * * *" See Turner v. Ontiberos, supra.

■ It is well settled that a party is bound by a release executed for valuable consideration except where the release was procured or induced by fraud or results

**934**

from mutual mistake. Appellant did not plead mutual mistake nor does she make such contention now.

 Even though the consideration was small, it was a valuable and legal one and therefore does not constitute a valid ground for setting aside the release. Quebe v. Gulf, C. & S. F. Ry. Co., 98 Tex. 6, 81 S.W. 20, 22, 66 L.R.A. 734 (1904); Great American Indemnity Co. v. Blakey, 107 S.W.2d 1002, 1005 (Tex.Civ.App., San Antonio, 1937, writ dism.); Morris v. Millers Mutual Fire Insurance Company of Texas, 343 S.W.2d 269, 271 (Tex.Civ.App., Fort Worth, 1961, n. w. h.). So far as the facts in this case show, Mrs. Slade acted freely and voluntarily in making the settlement and received a valuable consideration.

 Even though appellant pleaded false representation, in her brief she does not contend that there is any evidence of any fraudulent representation by the appellees' representative inducing Mrs. Slade to sign the release and that the judgment should be reversed on this ground. As a matter of fact, there was clearly no probative evidence raising any fact issue of fraud or that the release was not a binding contract. This court in Armstreet v. Greer, 411 S.W.2d 403 (1967, writ ref., n. r. e.) held that: "The matter of release, of course, is a matter of intention and generally, in the absence of fraud, accident, or mutual mistake, parol evidence is inadmissible to contradict the terms of a written instrument that on its face is complete and unambiguous. Rapid Transit Ry. Co. v. Smith, 98 Tex. 553, 86 S.W. 322 (1905)." There is no contention that the written instrument (release) was not complete or that it was ambiguous. After a careful consideration of the pleadings and deposition of Mrs. Slade, it is our opinion that there was no ground or fact question upon which a cancellation of the release could be based. Therefore, the trial court did not err in rendering judgment for appel-

lees. Hayes v. Roux Laboratories, Inc., 443 S.W.2d 621 (Tex.Civ.App., Eastland, 1969, n. w. h.).

The judgment is affirmed.