Karl **HARDY**, Appellant,

v.

Dr. B. K. **FLEMING**, Appellee.

No. 6562.

Court of Civil Appeals of Texas, El Paso.

June 22, 1977.

Rehearing Denied July 20, 1977.

Miller, Gann & Perdue, Jim M. Perdue, Andrew L. Todesco, J. Richard Cheney, Houston, for appellant.

Bailey, Williams, Westfall, Lee & Fowler, James A. Williams, William Dixon Wiles, Dallas, for appellee.

## OPINION

WARD, Justice.

This is a medical malpractice case where summary judgment was rendered for the Defendant Doctor. Prior to the present suit, the Plaintiff had lost a workmen's compensation suit which was based on the same heart attack which he now claims was caused by the Doctor's negligence. The principal question concerns the correctness of the trial Court's action in sustaining the Defendant's plea of collateral estoppel where the Defendant asserting the plea was not a party or in privity with a party to the earlier litigation. We affirm.

On August 6, 1971, the Plaintiff, Karl Hardy, while at home suffered an apparent heart attack. He immediately placed himself under the care of the Defendant, Dr. B. K. Fleming, and was thereafter treated by that Doctor for about a month. On September 10th, the Defendant advised the Plaintiff that he could return to full duty work at the Columbian Carbon Black Company at Seminole. The Plaintiff's employment was physically strenuous and required that the Plaintiff sack carbon black, put the sacks on pallets, and move them to a cooler. On September 12th, the Plaintiff returned to his employment on a full duty basis, but, after only a few hours of work, he experienced additional heart problems and, according to him, suffered another heart attack.

Hardy then filed his claim for compensation based on this latter attack, and thereafter instituted suit to recover his benefits under the Texas Workmen's Compensation Act by cause entitled *"Karl Hardy v. Insurance Company of North America,"* Cause No. 6463 in the District Court of Gaines County, Texas. Upon trial before a jury, the Court submitted Special Issue No. 1 to the jury inquiring whether Mr. Hardy had sustained a heart attack on September 12, 1971. According to the judgment rendered, the finding to this issue was that the Plaintiff, Karl Hardy, did not sustain a heart attack on September 12, 1971. Based upon that finding, judgment was entered that Hardy take nothing from the Insurance Company of North America. That judgment, which was in July, 1973, has become final.

Hardy next filed this present suit in the District Court of Gaines County to recover his alleged damages sustained from being under the care of Dr. Fleming during August and September, 1971. This malpractice suit was based upon the alleged negligence of the Doctor in: (a) advising Mr. Hardy that he could return to work on a full-time basis when it was not safe to do so; (b) failing to advise Hardy of the nature and extent of the damage done to his heart and of his physical condition; (c) failing to perform such tests and procedures to determine the nature of the damage and injuries done to Hardy's heart as would have been done by a competent and ordinary prudent physician; and (d) failing to refer Hardy to an appropriate medical specialist. The Plaintiff further alleged that he returned to work on the date authorized by Dr. Fleming and, "within four hours, suffered a massive heart attack brought on by the work and exertion associated with his employment."

By way of answer, the Doctor has pled the above matters regarding Cause No. 6463, the submission of the special issue regarding the heart attack on September 12, 1971, the finding by the jury that Hardy did not sustain the heart attack, the final judgment, and that because of the principle of estoppel by judgment, Hardy is now prohibited in the present case from contending that he sustained a heart attack on September 12, 1971. The Doctor filed his first amended motion for summary judgment setting forth two points of law: (1) the doctrine of collateral estoppel bars the present action; and (2) there is no genuine issue of proximate causation in the case.

The summary judgment proof consisted of the depositions of the two parties, certified copy of the judgment in Cause No. 6463, the Defendant's answers to the Plaintiff's interrogatories, and the depositions of Dr. William Gordon, Dr. J. B. Jensen, and Dr. Moses Muzquiz, Jr. As stated, the trial Court entered summary judgment for the Defendant on his motion which advanced the two grounds.

The Defendant's first point attacks the summary judgment on the ground that the doctrine of collateral estoppel is not applicable in this case. The Plaintiff points out that Dr. Fleming had no relationship with the Columbian Carbon Black Company, nor with the Insurance Company of North America. Thus, the issue to be determined is whether Dr. Fleming, who is a stranger to the prior suit, may assert the doctrine of collateral estoppel in this subsequent independent suit brought by the same Plaintiff.

The parties recognize the authorities and agree as to the principles. They agree that the tendency of the Courts has been toward an abandonment of the requirement of mutuality and the retention of the requirement of privity only to the party against whom the plea of collateral estoppel is made in the second case. They disagree as to the present rule in this State. The problem is ably discussed in Stephenson, "The Doctrine of Equitable Estoppel under Texas Law," 36 Tex.B.J. 45 (1973). See "Estoppel by Judgment—Mutuality Need," 31 A.L. R.3d 1044 (1970).

Originally, mutuality was essential to the invocation of collateral estoppel. *Kirby Lumber Corporation v. Southern Lumber Co.,* 145 Tex. 151, 196 S.W.2d 387 (1946). However, the requirement of mutuality is nowhere mentioned in the last definition of collateral estoppel made by the Supreme Court where it was stated:

"The rule of collateral estoppel, or as sometimes phrased, estoppel by judgment, bars relitigation in a subsequent action upon a different cause of action of fact issues actually litigated and essential to a prior judgment. It has been said that the rule rests upon equitable princi-

ples and upon the broad principles of justice. * * * The rule is generally stated as binding a party and those in privity with him. * * *."

*Benson v. Wanda Petroleum Company,* 468 S.W.2d 361 (Tex.1971). There, Wanda Petroleum Company had successfully defended a negligence case brought by the Porters. Mrs. Benson then brought her suit for damages for her injuries and those of her deceased husband who owned the automobile and which had been driven by the Porters. The plea of collateral estoppel was held inapplicable to Mrs. Benson's suit as Mrs. Benson was not a party to the former action, had not participated in or exercised any control over the other trial, nor did she have any right to do so, and was not shown to have any beneficial interest in recovery of damages for personal injuries on behalf of the plaintiffs in the other trial. The Supreme Court did not apply the doctrine of mutuality, which would have ended it, but relied instead on the due process test as was originally done in the leading case of *Bernhard v. Bank of America Nat. Trust & Savings Ass'n.,* 19 Cal.2d 807, 122 P.2d 892 (1942). That case was cited by Justice Steakley in his opinion. See also *Seguros Tepeyac, S. A., Compania Mexicana v. Jernigan,* 410 F.2d 718 (1969), cert. denied, 396 U.S. 905, 90 S.Ct. 219, 24 L.Ed.2d 181. There, the Fifth Circuit, in passing on Texas law and in ignoring any requirement of mutuality, refers to a suggestion that mutuality as an element of collateral estoppel is "a dead letter."

■ The Plaintiff, Karl Hardy, the one against whom the plea of collateral estoppel is asserted, was the party Plaintiff to the prior adjudication and he lost on his claim that he sustained a heart attack on September 12, 1971. No useful public policy is served by permitting him to relitigate that identical issue in the present suit. *Seguros Tepeyac, S. A., Compania Mexicana v. Jernigan,* supra, 90 S.Ct. at 727. Dr. Fleming, the one now asserting the plea, was not a party or in privity with a party to the prior litigation. There is no compelling reason that such be required and, in this fact situa-

tion, no satisfactory reason for any requirement of mutuality. *Bernhard v. Bank of America Nat. Trust & Savings Ass'n,* supra. The Plaintiff's first point is overruled.

■ The Plaintiff's second point is a general one asserting that the summary judgment evidence on file raises genuine issues of material fact that were not concluded by the jury findings in the previous suit. The Plaintiff first asserts that the granting of the summary judgment on the apparent ground that there was no genuine issue of proximate cause was error. The Defendant relies in the main upon the deposition testimony of the Plaintiff's witness, Dr. J. B. Jensen, who stated that in his opinion none of Hardy's problems were caused by his return to work. As announced in *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.1970), the summary judgment burden was upon the defendant to establish as a matter of law that there was no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. Assuming that Dr. Jensen was the Plaintiff's witness, his opinion testimony on the issue of proximate cause will not support the summary judgment. *Gibbs v. General Motors Corporation,* supra.

■ But that still does not get the Plaintiff any relief because we have previously upheld the plea of collateral estoppel on the issue of "heart attack," an essential element to the Plaintiff's present case. However, that plea, unlike the broader ones of merger and bar, is limited to the point or question actually litigated and determined in the previous action and does not apply to what might have been litigated and determined. Because of this, the Plaintiff makes his final argument that a judgment based on findings of negligence against the Doctor in attending Mr. Hardy would be sustained by a jury finding that on September 12th, Hardy suffered an aggravation of an underlying heart condition without it being a heart attack. That is to say that the aggravation was caused by the negligence of the Doctor in permitting his premature return to full duty heavy work at the Carbon Company. We have considered this argument, but there are neither pleadings nor proof supporting this theory in the case. Plaintiff's pleadings are that he suffered a massive heart attack. The summary judgment proof either sustains heart attack on August 12th brought on by the fault of the Doctor, or that at all times Hardy was merely suffering from heart disease totally unconnected to a heart attack which disease was not aggravated on September 12th. The jury finding of heart attack in the previous suit is the same issue raised in the present suit and its redetermination is prevented by the plea of collateral estoppel.

The judgment of the trial Court is affirmed.