Jerry B. BAKER, Appellant,

v.

Jim L. STORY et al., Appellees.

No. 15959.

Court of Civil Appeals of Texas,
San Antonio.

March 15, 1978.

Rehearing Denied April 19, 1978.

Tuck R. Chapin, San Antonio, for appellant.

Clark, Thornton & Summers, David Stephenson, San Antonio, for appellees.

MURRAY, Justice.

This lawsuit arose out of an operation on Jerry B. Baker, plaintiff, performed by Dr. Charles Miller, defendant, under the supervision of Dr. Jim L. Story, defendant. At the time of this operation, defendant Miller was a member of the United States Air Force and was at the University of Texas Medical School on a rotating residency program where residents in the military exchange with residents at the University of Texas Medical School between the hospital facilities of the United States Air Force and the University of Texas Medical School. At the time of this operation, defendant Story was head of the neurological-surgery department at the University of Texas Health Science Center in San Antonio.

After initiating this suit in State court against defendants for medical malpractice, plaintiff then filed a lawsuit against the United States of America[1] in federal court under the Federal Tort Claims Act for damages based on the negligence of defendant Miller. The federal district court suit was tried first and the court found as a factual determination that there was no negligence or medical malpractice on the part of defendant Miller, and the judgment of the federal district court became final prior to the hearing of the present motion for summary judgment. The defendants in this action filed motions for summary judgment asserting that the plaintiff was bound by res judicata, collateral estoppel, or estoppel by judgment of the previous judgment of the federal court and, therefore, they were entitled to a summary judgment in this suit. The trial court granted said motion as to both of these defendants and plaintiff has perfected an appeal to this Court.

The plaintiff, by his first eight points of error, attacked the summary judgment on the ground that the doctrine of collateral estoppel is not applicable in this case because the defendants were not parties or in privity with a party to the earlier litigation. The defendants in this suit were not parties to the prior suit and under the Fed-

eral Tort Claims Act could not be made parties to the prior suit. The question to be determined is whether defendants may assert the doctrine of collateral estoppel in this subsequent independent suit brought by the same plaintiff when they were not parties to the prior suit. We hold that under the facts of this case there is no requirement of mutuality and that plaintiff is estopped in this suit to assert the negligence of defendant Miller. *Hardy v. Fleming,* 553 S.W.2d 790 (Tex.Civ.App.—El Paso 1977, writ ref'd n.r.e.); *B. R. DeWitt, Inc. v. Hall,* 19 N.Y.2d 141, 278 N.Y.S.2d 596, 225 N.E.2d 195 (N.Y. Ct. of App. 1967), 31 A.L. R.3rd 1035 (1970).

In *Hardy v. Fleming,* Justice Ward of the El Paso Court of Civil Appeals held in a very clear and convincing opinion that the lack of mutuality would not prevent a prior judgment as a bar to questions actually litigated and determined in the previous action. In *Hardy v. Fleming,* the plaintiff suffered an apparent heart attack and sued the defendant doctor for medical malpractice. Prior to the trial of the malpractice suit, the plaintiff had lost a workmen's compensation suit which was based on the same heart attack which he claims was caused by the doctor's negligence. On the trial of the workmen's compensation case, the jury found that the plaintiff did not sustain a heart attack on the date in question and, based on that finding, judgment was entered that Hardy take nothing from the insurance company. On motion for summary judgment on the malpractice case, the trial court sustained the doctor's plea of collateral estoppel and Hardy appealed to the El Paso Court of Civil Appeals. The Court of Civil Appeals affirmed the trial court and stated at page 792:

The Plaintiff, Karl Hardy, the one against whom the plea of collateral estoppel is asserted, was the party Plaintiff to the prior adjudication and he lost on his claim that he sustained a heart attack on September 12, 1971. No useful public policy is served by permitting him to relitigate that identical issue in the present

---

**1.** 28 U.S.C. § 1346 (1976).

suit. . . . Dr. Fleming, the one now asserting the plea, was not a party or in privity with a party to the prior litigation. There is no compelling reason that such be required and, in this fact situation, no satisfactory reason for any requirement of mutuality. . . . The Plaintiff's first point is overruled.

We hold that the trial court correctly granted the summary judgment in favor of Dr. Miller, but we must reverse the trial court as to Dr. Story. Dr. Story's negligence was not at issue in the prior suit and in this suit he has been sued individually for his own acts of negligence arising out of the surgery performed on plaintiff. Any liability of defendant Story that is derivative of defendant Miller's negligence would also be prohibited by the doctrine of collateral estoppel but defendant Story does not contend that the summary judgment proof establishes as a matter of law that there was no genuine issue of fact as to one or more of the essential elements of plaintiff's cause of action against him.

Plaintiff's last point of error is to the effect that his constitutional right to a jury trial cannot be satisfied by a nonjury trial involving the same issues in the United States District Court. We disagree. When the plaintiff filed his lawsuit and insisted on trying it in the federal court, he did so knowing that he had no right to a jury trial under the Federal Tort Claims Act. The constitutional right to a trial by jury is not an absolute right but is a right that is available to litigants should they choose to exercise it, and not available to litigants if they should waive or give it up. Plaintiff chose the forum of the first litigation, and the fact that he was not entitled to a jury trial should not mitigate the effect of that judgment and destroy the plea of collateral estoppel.

The judgment of the trial court is reversed and remanded for a trial on the merits as to Dr. Story. And the judgment of the trial court is affirmed as to Dr. Miller.

Costs of this appeal are taxed one-half against defendant Story, and one-half against plaintiff.