**Janie P. TOBBON, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

**No. 16432.**

Court of Civil Appeals of Texas, San Antonio.

Jan. 21, 1981.

Rehearing Denied March 18, 1981.

Thomas Rocha, Jr., San Antonio, for appellant.

Thomas H. Crofts, Jr., Damon Ball, Groce, Locke & Hebdon, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a suit brought by Janie P. Tobbon against her insurance carrier, State Farm, for damages sustained as a result of alleged misrepresentations and violations of the Texas Deceptive Trade Practices Act and Texas Insurance Code. Mrs. Tobbon, the appellant herein, was involved in an automobile collision on June 25, 1977, with a car driven by Theodore Mylenbusch. Both the appellant and Mylenbusch were insured by State Farm. Following the accident, on July 5, 1977, appellant went to the State Farm office to present a bill for prescription drugs purchased in relation to the accident. At that time, appellant signed a release discharging both Mylenbusch and State Farm from any further claims arising out of the accident. Appellant then sued both Mylenbusch and State Farm, seeking damages and rescission of the release. The causes were severed and the case against Mylenbusch was tried in January, 1979. Judgment was rendered on a jury verdict in favor of Mylenbusch. The case herein is against State Farm only. In a trial before the court, the trial judge rendered a take-nothing judgment against the appellant.

Appellant asserts ten points of error,[1] which can be grouped under the following general categories: (1) invalidity of the release; (2) collateral estoppel; (3) violations of the Texas Insurance Code and the Rules and Regulations of the State Insurance Commission; (4) violation of the Texas Deceptive Trade Practices Act; and (5) breach of fiduciary duty.

### The Release

Appellant urges that the release signed by Tobbon is null and void and of no force and effect. This same release was before the court in *Tobbon v. Mylenbusch*, where the court entered a take-nothing judgment in favor of Mylenbusch and held the release to be valid and a bar to any recovery by plaintiff. The release recites a consideration of Ten Dollars and the promise to pay all reasonable and the necessary medical and doctor expenses not to exceed $500. Such release states that both Mylenbusch and State Farm are released of any and all claims, demands, causes of actions, or suits of any kind arising out of the accident here involved. It recites that such settlement is a compromise of a doubtful and disputed claim and that all parties to the instrument have read it and have voluntarily signed such release.

A settlement agreement and release, valid on its face, until set aside, is a complete bar to any later action based on the matters included in the settlement agreement and covered by the release. *Hart v. Traders & General Insurance Co.*, 144 Tex. 146, 189 S.W.2d 493 (1945); *Schmaltz v. Walder*, 566 S.W.2d 81 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.). It is well settled that a release cannot be avoided on the ground that the releasor was ignorant of or mistaken as to the contents of the release or failed to read the release before signing it in the absence of fraud or some other improper influence. *Slade v. Phelps*, 446 S.W.2d 931 (Tex.Civ. App.—Tyler 1969, no writ); *Morris v. Millers Mutual Fire Insurance Co.*, 343 S.W.2d 269 (Tex.Civ.App.—Fort Worth 1961, no writ); *Harvey v. Elder*, 191 S.W.2d 686 (Tex.Civ.App.—San Antonio 1945, writ ref'd).

A release executed for a valuable consideration is binding unless procured by fraud or results from a mutual mistake, or lacks consideration. These are affirmative defenses which must be both pleaded and proved. There is no pleading of mutual mistake or lack of consideration. Appellant's pleadings at best only hint at fraud and do not set forth the fraud requisites. There is a total lack of proof of mutual mistake on the part of the parties, and while there may be a question of adequacy of consideration, under the record there is some consideration[2] moving to appellant. Mere inadequacy of consideration is not sufficient to destroy the effect of a release. 50 Tex.Jur.2d Release § 10, p. 12 (1969).

In the case of *Slade v. Phelps, supra*, the plaintiff signed a release discharging the insurance company for $75.00 consideration, without reading the release. The court stated: "It is well settled that a release cannot be avoided on the ground that the releasor was ignorant of or mistaken as to the contents of the release or failed to read the release before signing it in the absence of fraud, or some other improper influence." The court stated further that a

---

1. In such points of error appellant complains that the trial court erred (a) in finding that State Farm had not subordinated appellant's interest to that of State Farm or its insured, Mylenbusch; (b) in finding that Article 21.21–2 of the Insurance Code does not authorize a private cause of action; (c) in finding that appellant's claim was barred by collateral estoppel; (d) in finding that State Farm did not violate its fiduciary duties; (e) in finding State Farm did not violate the Deceptive Trade Practices Act, the Insurance Code, the Rules of the Board of Insurance; and (f) in failing to find that one or more acts or omissions of State Farm caused damages to the appellant. Appellant also claims that her motion for discovery of Mylenbusch's statement should have been seasonably granted.

2. It appears from the record that plaintiff received from State Farm a check of $10.80 for prescription drugs, approximately $400.00 in medical expenses, and approximately $4,000.00 for automobile damages.

release, executed for valuable consideration, is binding, unless procured by fraud or results from a mutual mistake.

Regarding inadequacy of consideration, the court in *Slade, supra,* stated that consideration is not insufficient merely because it is not adequate in a pecuniary sense. In *Hayes v. Roux Laboratories, Inc.,* 443 S.W.2d 621 (Tex.Civ.App.—Eastland 1969, no writ), it was held, "Mere inadequacy of the consideration is insufficient to destroy the effect of said release and covenant not to sue."

■ The thrust of appellant's contention as to the invalidity of the release is that appellee failed to inform appellant that it was the insurer for both parties. The jury, in the previous case of *Tobbon v. Mylenbusch,* refused to find that State Farm did not so fail, and answered the jury issue therein submitted by finding that State Farm did not fail to advise Mrs. Tobbon that it was also the insurance carrier for Mylenbusch.

### Collateral Estoppel

■ The rule of collateral estoppel, or as sometimes phrased, "estoppel by judgment," bars relitigation in a subsequent action upon a different cause of action of fact issues actually litigated and essential to the prior judgment. It has been said that the rule rests upon equitable principles and upon the broad principles of justice. *Cauble v. Cauble,* 2 S.W.2d 967 (Tex.Civ.App.—Austin 1927, writ dism'd). The rule is generally stated as binding a party and those in privity with him. *See Benson v. Wanda Petroleum Co.,* 468 S.W.2d 361 (Tex.1971); *Kirby Lumber Corp. v. Southern Lumber Co.,* 145 Tex. 151, 196 S.W.2d 387 (1946). In recent years the requirement of mutuality of parties has been modified. *Baker v. Story,* 564 S.W.2d 166 (Tex.Civ.App.—San Antonio 1978, no writ); *Hardy v. Fleming,* 553 S.W.2d 790 (Tex.Civ.App.—El Paso 1977, writ ref'd n. r. e.).

A good discussion of collateral estoppel is contained in *Olivarez v. Broadway Hardware, Inc.,* 564 S.W.2d 195 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.), where the court stated:

Originally, mutuality was essential to the invocation of collateral estoppel. *Kirby Lumber Corporation v. Southern Lumber Co.,* 145 Tex. 151, 196 S.W.2d 387 (1946). However, the Texas Courts have apparently abandoned the requirement of mutuality and have retained the requirement of privity only to the party against whom the plea of collateral estoppel is made in the second case. See *Hardy v. Fleming,* 553 S.W.2d 790, 792 (Tex.Civ.App.—El Paso 1977, writ ref'd n. r. e.). See also *Seguros Tepeyac, S. A., Compania Mexicana v. Jernigan,* 410 F.2d 718 (5th Cir. 1969), cert. denied, 396 U.S. 905, 90 S.Ct. 219, 24 L.Ed.2d 181 (1969), and compare *Benson v. Wanda Petroleum Co.,* 468 S.W.2d 361 (Tex.Sup.1971). So long as an essential issue of fact has been determined and adjudicated, the judgment therein will estop the parties or their privies from relitigating the same issue in a subsequent suit even though the subsequent suit is couched as a different type of a cause of action. *Benson v. Wanda Petroleum Co.,* supra at 362; *Kirby Lumber Corp. v. Southern Lumber Co.,* supra, 196 S.W.2d at 388. The doctrine of collateral estoppel may, where numerous issues of fact are raised in the subsequent action, operate to bar only one or more issues of fact if such fact issues were previously determined in the prior action. On the other hand, if there is only a single issue of fact in the second action on which the judgment hinges, and that fact issue had been previously litigated, the doctrine will also bar in toto the second action. *Hardy v. Fleming,* 553 S.W.2d 790, 793 (Tex.Civ.App.—El Paso 1977, writ ref'd n. r. e.).

564 S.W.2d at 198.

Appellant originally filed suit against Mylenbusch and State Farm in connection with the automobile collision here involved, Mylenbusch being the driver of the other automobile and State Farm being the insurer of Mylenbusch. The causes were severed and the case against Mylenbusch was tried in January of 1979 before a jury. Both

causes involved the same accident, the same release, the same plaintiff, and both cases involved rescission of the release. In the only liability issue submitted to the jury in the case against Mylenbusch, the jury refused to find that plaintiff's execution of the release was caused by any misrepresentation. Such issue is as follows:

> Do you find, from a preponderance of the evidence, that before the signing of the release, Mrs. Burrell (State Farm's agent) failed to advise Mrs. Tobbon that State Farm was also the insurance carrier for Mr. Mylenbusch?
>
> Answer 'She did fail' or 'She did not fail'.
>
> We, the Jury, answer *She did not fail.*

Appellant is precluded from relitigating the same issue that was determined in the prior case hereinbefore set forth. Under the authority hereinabove set forth the doctrine of collateral estoppel bars plaintiff from relitigating the same issue in a subsequent suit. This is true even though the subsequent suit is couched as a different type of a cause of action. *Benson v. Wanda Petroleum, Co., supra; Kirby Lumber Corp. v. Southern Lumber Co., supra.*

We have concluded that because of our holding herein on the matter of the release and collateral estoppel, plaintiff is precluded from any recovery herein. In view of our holding herein we do not deem it necessary to discuss appellant's other points of error or contentions.

The judgment of the trial court is affirmed.