J.W. ARMSTRONG, et al., Appellants,

v.

HARRIS COUNTY, et al., Appellees.

No. 01–83–0181–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 27, 1983.

Rehearing Denied April 12, 1984.

Bernard L. Hebinck, Houston, for appellants.

Michael Driscoll, Dori Wind, O.J. Guiberteau, Houston, for appellees.

Before WARREN, DOYLE and JACK SMITH, JJ.

## OPINION

WARREN, Justice.

Appellants, peace officers employed by Harris County, appeal from a summary judgment holding certain county personnel regulations valid, under Tex.Rev.Civ.Stat. Ann. art. 5167a, and that the regulations were not in violation of due process, guaranteed by the federal and state constitutions. We affirm.

## THE DISPUTE

Harris County Personnel Regulations, adopted by the Harris County Commissioners Court, provide, generally, that county employees (except Flood Control District Employees) shall receive no overtime pay, but instead, that they shall be compensated by receiving time off a normal work day or week equal to the amount of overtime worked. Appellants claim they have worked many hours in excess of normal hours and have received neither overtime pay nor time off.

Appellants sued to have Sections 2, 7, and 9 of the Personnel Regulations declared unconstitutional, and declared to be in violation of art. 5167a; to enjoin enforcement of these regulations; to compel Harris County to render an accounting to each of the appellants for overtime worked during the preceding 4 years; to give these employees a money judgment for these overtime hours; and, to allow them attorneys' fees and other general relief.

## THE APPLICABLE STATUTE AND REGULATIONS

Tex.Rev.Civ.Stat.Ann. art. 5167a provides:

Except in cases of emergency, as determined by the sheriff or constable of such county, it shall be unlawful for any county having more than five hundred thousand (500,000) inhabitants according to the last preceding Federal Census to require any Peace Officer to work more hours during any calendar week than the number of hours in the normal work week of the majority of the employees of said county other than Peace Officers. If a Peace Officer elects to work extra hours during any calendar week, the county shall compensate the officer for the overtime work on a basis consistent with the overtime provisions of the county personnel policy.

Tex.Rev.Civ.Stat.Ann. art. 2372h (Vernon 1971) provides that in all counties with a population of 500,000 or more, the county shall have authority to formulate rules and regulations regarding personnel matters as long as such rules and regulations guarantee procedural due process and are not inconsistent with existing Texas Statutes.

The Harris County Personnel Regulations pertinent to this cause are as follows:

No employment is effective until a Form 3405, Application for and Contract of

Employment, has been completed and signed in duplicate originals by both the employee and department head and availability of funds certified by the County Auditor. The effective date of the Form 3405 will be the date the employee first performs services for Harris County.

No overtime for overtime hours will be allowed unless such funds are separately identified in the departmental budget, and will not exceed the employee's normal wage or salary rate unless specifically required by law.

Recognizable Compensatory Time is defined as any accrued compensatory time up to and including 240 hours.

Excess Compensatory Time is defined as that portion of the accrued compensatory time in excess of 240 hours.

No compensatory time in excess of 240 hours will be acknowledged after June 30, 1978.

An employee having Excess Compensatory Time as of June 30, 1978, must resolve his Excess Compensatory Time on or before June 30, 1980. The allowance of current period absence to resolve Excess Compensatory Time will be solely at the discretion of the department head.

Salaried employees may receive their regular salary even though their creditable time (Total of hours worked and paid absences) during any pay period varies from their daily required time, by recording the variance as compensatory time or short time.

For each pay period in which the creditable time is more than the employee's required time, and the employee does not receive additional pay for those hours over the required time, the excess is defined as compensatory time.

Compensatory time accumulated during a payroll period is first used to eliminate any prior year short time balance, then it is applied to Recognizable Compensatory Time.

Short time accumulated during a payroll period is first deducted from any Recognizable Compensatory Time balance. All remaining hours will be added to any current year short time balance.

The value in money of any prior year accumulated short time balance will be deducted from the employee's salary for the period ending December 31 of each year. The deduction calculations will be based upon the employee's work schedule and rate of pay in effect at the time of the deduction.

The value in money of all accumulated short time hours will be deducted from the final pay of a terminating employee. The deduction calculations will be based upon the employee's work schedule and rate of pay in effect at the time of termination.

Recognizable Compensatory Time will be carried forward indefinitely. A bridge of a break in service will not reinstate any compensatory time hours accumulated prior to the break in service.

The maximum accumulation of short time hours cannot exceed the equivalent of one month, based upon the employee's current required time schedule. For the purpose of short time hours accumulation, one month shall be defined as: the employee's weekly required time multiplied by 4.33 weeks, with the product rounded to the nearest whole hour. The value in money of any excess short time hours (above maximum allowable) will be deducted from the employee's pay for the period following the period in which the excess was accumulated. The deduction calculations will be based upon the employee's work schedule and rate of pay in effect at the time of deduction.

To assure the efficient functioning of all departments without the necessity of additional employees, the allowance of current period absence, whether chargeable to accumulated compensatory time or short time, will be solely at the discretion of the department head.

Upon termination of employment with Harris County an employee will receive full pay for one half of his total accrued Recognizable Compensatory Time, calculated on his monthly salary at date of termination.

If an employee dies with an accumulated Recognizable Compensatory Time Balance, his estate will receive his full pay for one half of the total accumulated hours calculated on his salary at the date of his death.

Elected and appointed officials are excluded from accruing compensatory time or short time...

## THE SUMMARY JUDGMENT PLEADINGS AND PROOF

Appellees' motion for summary judgment was based on the pleadings and the documents attached to the motion, which consisted of a certified copy of the employment contract signed by each employee of Harris County, and a certified copy of the Harris County Personnel Regulations, Sections 2, 7, and 9.

Appellants' response to appellees' motion for summary judgment made objections to the form of the affidavits and denied the sufficiency of such pleadings, motion, and affidavits to prove, as a matter of law, that appellants had no cause of action. Appellants' affidavits were sworn statements by several appellants enumerating the excess hours worked and verifying that no compensation had been received nor compensating time off allowed.

In four points of error, appellants claim that the court erred in granting summary judgment because:

(1) appellants stated a cause of action showing they were denied substantive due process;

(2) the trial court erroneously found that the Harris County Personnel Regulations did not violate art. 5167a;

(3) the appellees' evidence in support of the motion for summary judgment was insufficient; and

(4) the appellants raised fact issues.

Appellants' first and second points of error claim that art. 5167a created a right for their benefit, and that the Regulations deprived them of this right in violation of art. XIV, United States Constitution and art. I, Sec. 19, Texas Constitution.

■ A person has a constitutionally protected interest in a benefit if he has a legitimate claim of entitlement to the benefit. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). In *Roth* the Supreme Court held that where the terms of a college professor's appointment conferred no right to reemployment past a one year term, and there was no other university policy or rule, and no state statute conferring such a right, the professor had no property interest protected by the Fourteenth Amendment of the United States Constitution. In *Bishop v. Wood*, 426 U.S. 341, 345, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976), the Supreme Court held that a property interest in employment could be created by ordinance or by an implied contract, but in either case the sufficiency of the claim of entitlement must be decided by reference to state law. In *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), the Supreme Court held that the Fair Labor Standards Act, which established minimum wage and maximum hour standards, did not apply to the State's employees or those employed by the State's political subdivision, thereby leaving methods of compensation of their employees to these states and their political subdivisions.

If appellants have a cause of action for overtime because of a vested benefit or right, it must emanate from a state or county enactment or policy.

■ Art. 5167a confers no such benefit. It merely provides that no peace officer shall be required to work more hours than a normal work week, except in a emergency, and if a peace officer elects to work extra, non-emergency hours, then he or she shall be compensated on a basis consistent with the overtime provisions of the county personnel policy.

Art. 2372h gives to counties over 500,000 the right to formulate personnel policies, providing the policies afford procedural due process and are not inconsistent with existing state laws.

Appellants do not contend that the regulations deny them procedural due process or that they have otherwise been denied this constitutional guarantee. Instead, they claim that appellees have violated their right to substantive due process.

■ As we understand it, substantive due process can be violated only if a right exists. Art. 5167a creates two rights for appellants' benefit: the right to refuse to work hours in excess of the normal work week, and the right to be compensated in accordance with the county's personnel policies if they elect to work excess hours.

Article I, Section 19 of the Texas Constitution provides that:

> No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

There is no evidence that any appellant ever refused to work overtime, but was required to do so by a superior officer. Neither is there evidence that funds for overtime, which had been budgeted for the Sheriff's office or Constables' offices, were not paid to any of appellants. The appellants in their summary judgment affidavits conclude that they possibly would have been discharged if they refused to work non-emergency overtime and some affiants state that their careers might suffer. These statements are not competent summary judgment evidence. Tex.Rules Civ. Pro. 166–A(e) requires that "... affidavits shall be made on personal knowledge, shall set forth such *facts* as would be admissible in evidence, ..." *Inwood Forest Community Improvement Assn. v. R.J.S. Development*, 630 S.W.2d 751 (Tex.App.—Houston [1st Dist.] 1982, no writ).

■ Even if a fact issue had been created on the issue of whether appellants were forced to work non-emergency overtime, in violation of art. 5167a, the remedy for this wrong would not necessarily compensate appellants for overtime, since this is expressly forbidden by the Harris County Personnel Regulations, unless budgeted.

Each of the appellants signed contracts of employment stating that he understood and accepted the personnel regulations adopted by the commissioners court.

■ We hold that art. 5167a creates no right in appellants to receive overtime pay, and further hold that this statute is constitutional.

■ Although it is easy to be sympathetic to appellants' plight, appropriate relief must come from the Commissioners' Court or from the legislature rather than the courts. Courts may not choose to redraft legislation just because another version might be more equitable. The wording in a statute is to be given its literal interpretation as long as that wording is clear and unambiguous; the defects or deficiencies should be corrected by the legislature and not by the courts. *Mathews Construction Co. v. Jasper Housing Const.*, 528 S.W.2d 323 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.).

Appellants' first and second points of error are overruled.

Appellants' third and fourth points of error claim that appellees' motion and evidence were insufficient to support a summary judgment and that appellants' motion and evidence created fact issues; therefore, summary judgment was improper.

■ Appellants' suit was one for overtime pay they claimed was due them under art. 5167a. The trial court must judicially notice the provisions of art. 5167a and of art. 2372h, as well as constitutional provisions. *University of Texas v. Booker*, 282 S.W.2d 740 (Tex.Civ.App.—Texarkana 1955, no writ). Ray, *Tex. Law of Evidence*, Vol. 1, § 171 (1980). Appellees attached verified copies of the Harris County Commissioners Court of Personnel Regulations pertinent to this suit and a verified facsimile of the employment contract signed by each Harris County employee. Assuming each fact alleged by appellees to be true, the trial court still had before it only a question of law: whether the appellant employees had been granted the right to over-

time pay by art. 5167a or by the personnel regulations of Harris County.

Only after the trial court found that the statute or personnel regulations granted appellants a right to overtime would the question as to violation arise.

 We hold that the only question before the trial court was appellants' legal rights under the statute, and the court properly decided this question as a matter of law. Appellants' third and fourth points of error are overruled.

Affirmed.