Robert RANDALL, Appellant,

v.

**DALLAS POWER & LIGHT CO., et al., Appellees.**

No. 05–87–00033–CV.

Court of Appeals of Texas, Dallas.

Dec. 18, 1987.

Rehearing Denied March 1, 1988.

L.L. "Mick" McBee, Jr., Dallas, for appellant.

Wm. Stephen Boyd, W. Stephen Cockerham, Dallas, for appellees.

Before DEVANY, McCLUNG and HECHT, JJ.

McCLUNG, Justice.

Robert Randall appeals an adverse summary judgment, which was granted in his personal injury suit against Dallas Power & Light Co. (DPL) and Andrew Craig Prior (Prior). Appellant claims issues of fact exist regarding mutual mistake and fraud in the inducement of a release he signed. Appellant also claims that summary judgment in favor of Prior, individually, based on the alleged release and accord and satisfaction between DPL and himself, is improper. Because we hold the trial court did not err in granting summary judgment, we affirm.

This suit arises from an automobile collision between appellant and Prior, a DPL employee. Appellant sued Prior and DPL alleging damages proximately caused by Prior's negligence. DPL and Prior moved for summary judgment asserting release and accord and satisfaction as complete defenses to appellant's negligence action, as a matter of law. Appellant then amended his pleadings, alleging mutual mistake and fraud as affirmative defenses to release and accord and satisfaction. Appellant filed an affidavit in support of his opposition to summary judgment which provided, in pertinent part, that:

> Gerald Lynn Moore [claims representative for DPL] asked me not to call the police and made various representations to me including assurances that Dallas Power & Light would be responsible for making repairs to my car and would com-

pensate me for my personal injuries. . . . Mr. Moore later called me and offered to compensate me for some of my losses that I had suffered up to that point. . . . I emphasized to Mr. Moore that I had not recovered from my injuries and Mr. Moore assured me that Dallas Power & Light would take care of any future problems. . . . Mr. Moore asked me to sign a document in return for the receipt of the partial payment. . . . In reliance upon his representations (sic) I placed my trust and confidence in him and signed the document without reading it. . . .

The trial court denied the first summary judgment motion.

DPL subsequently deposed appellant concerning the representations he alleged in his affidavit. Appellant testified at the deposition that on the day of the accident Moore represented to appellant that he would take care of all damages. Appellant also testified, that on the day Moore brought him the check and the release to sign, Moore said "if you have any problems give me a call" and "if you have any problems I will take care of the damages". The deposition testimony then proceeded as follows:

Q   Okay. So, it's your testimony, under oath, that at the time he brought this check out to you, he being Mr. Moore, that he told you that he would take care of any future damages that you had?

A   I don't remember anything about future damages.

Q   Okay. Or future expenses?

A   Just said if I have any problems to give him a call.

Appellant testified he could remember no other representations.

■ In order for a summary judgment movant to show the non-movant's suit is barred by an affirmative defense, he must conclusively prove all elements of his defense, as a matter of law, through competent summary judgment evidence. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310 (Tex.1984); *Nichols v. Smith*, 507 S.W.2d 518, 520 (Tex.1974). If the non-movant then asserts an affirmative defense to mov-

ant's affirmative defense, the non-movant has two alternatives. He can conclusively prove all elements of his affirmative defense, as a matter of law, through competent summary judgment evidence, in which case he might be entitled to a trial on his initial cause of action. Alternatively, he can establish the existence of a fact issue on each element of his affirmative defense which he is unable to prove conclusively as a matter of law, in which case he will be entitled to a trial on the factual issues involved in his affirmative defense. *See, e.g., Nichols v. Smith*, 507 S.W.2d 518, 520–21 (Tex.1974); *Smith v. Knight*, 608 S.W.2d 165 (Tex.1980); *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934 (Tex.1972). On review, we must look at the evidence in the light most favorable to the non-movant taking all evidence favorable to him as true, and resolving all doubts in his favor. *Wilcox v. St. Mary's University*, 531 S.W.2d 589, 592–93 (Tex. 1975).

■ In measuring the summary judgment evidence, pleadings, even if sworn to, do not constitute summary judgment proof. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). Affidavits in support of summary judgment must show that they are based on personal knowledge, must set forth the facts, not conclusions, and must show that the facts are "admissible in evidence" at a conventional trial. *Kinley Co. v. Haynie Wire Line Serv.*, 705 S.W.2d 193, 195–96 (Tex.App.—Houston 1985, writ ref'd n.r.e.), *citing Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984). If an affidavit contains information that is a unilateral or subjective determination of the facts or an opinion as to such facts, that information does not constitute summary judgment evidence. *Armstrong v. Harris Co.*, 669 S.W. 2d 323, 328 (Tex.App.—Houston 1983, writ ref'd n.r.e.).

■ Appellant first contends he raised a fact issue as to each element of his affirmative defense of mutual mistake in entering the release. Mutual mistake is grounds for setting aside a release when both parties enter into the release on the

basis of the same misconception. *McClellan v. Boehmer*, 700 S.W.2d 687, 693 (Tex. App.—Corpus Christi 1985, no writ). Although there is some evidence in the record from which it can be inferred that DPL was mistaken as to the extent of appellant's injuries, mistake as to the nature or extent of a party's injuries is not grounds for setting aside a release. *Houston & T.C. Ry. v. McCarty*, 94 Tex. 298, 60 S.W. 429 (1901). Appellant's own belief that the release covered only his damages to date does not establish mutual mistake as a matter of law or raise a fact issue with regard to each element of mutual mistake.

■ A unilateral mistake is not sufficient to set aside a release. *Nationwide Mutual Ins. Co. v. Toman*, 660 S.W.2d 574, 576 (Tex.App.—San Antonio 1983, no writ); *Tobbon v. State Farm Mut. Automobile Ins. Co.*, 616 S.W.2d 243 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.). The release in this case clearly stated it covered damages which "hereafter accrue". The effect of a written release cannot be avoided on the ground that the releasor was ignorant of or mistaken as to the contents of the release, or failed to read the same before signing it, in the absence of fraud or other improper influence. *Nationwide* at 576; *Tobbon* at 245. This seems especially appropriate in light of appellant's admitted familiarity with contract documents, and the fact that he was given ample opportunity to read the release before signing it. We find no summary judgment evidence in the record that DPL was laboring under any misconception that the release covered only past and present damages but not future damages; thus there was no mutual mistake and therefore, we overrule appellant's first point of error.

■ Appellant next asserts that issues of fact exist regarding fraud in the inducement of the release. A release, like any other contract, may be set aside if it is induced by fraud. *McClellan v. Boehmer*, 700 S.W.2d 687 (Tex.App.—Corpus Christi 1985, no writ). However, appellant must establish, as a matter of law, each of the six elements of fraud in the inducement, or raise a fact issue as to each of them. The elements are: (1) a representation (2) that is false (3) made with knowledge of its falsity or recklessly without any knowledge of its truth and as a positive assertion (4) with the intention that it be acted upon by the party (5) that the party act in reliance upon it and (6) that he thereby suffers injury. *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 185 (Tex.1977).

■ The summary judgment evidence in this case shows no false representation made by DPL nor any statement by DPL made recklessly, without knowledge of its truth, as a positive assertion. Although appellant's affidavit alleged representations by DPL's claims agent concerning future damages, appellant's deposition testimony makes it clear that the agent made no express representations about future damages. The alleged representations were implied by appellant from the claims agent's statement "if you have any problems give me a call." There is no evidence that this statement was false. As stated earlier, an affidavit containing unilateral or subjective determinations of fact are insufficient to raise a fact issue, hence appellant failed to establish actual fraud as a matter of law or raise a fact issue as to each element of fraud. *Armstrong* at 328.

■ Appellant has likewise failed to establish his defense of constructive fraud as a matter of law, or to raise a fact issue concerning it. In order to prove constructive fraud a party must show a relationship of trust and confidence between the parties. Although the relationship need not be a formal one, *e.g.* trustee/beneficiary, absent a formal fiduciary relationship the evidence must show that dealings between the parties have continued for such a time that one party is justified in relying on the other to act in his best interest. *Consolidated Gas & Equip. Co. v. Thompson*, 405 S.W. 2d 333, 336 (Tex.1966). There is no evidence in the record of such a relationship between appellant and DPL. Appellant concedes that he and DPL's claims agent met on only one occasion, and dealt with each other only a few times over the telephone. We overrule appellant's second point of error.

In his third point of error, appellant contends the trial court erred in granting summary judgment for appellees because, since mutual assent was not established by the appellees, appellant's endorsement of the check was not an accord and satisfaction as a matter of law. Because we hold that the release signed by appellant is sufficient to support summary judgment for DPL and Prior, we do not decide whether appellees established an accord and satisfaction as a matter of law.

█ Finally, appellant contends that even if the release he signed bars suit against DPL as a matter of law, it does not bar suit against Prior individually. We do not agree. In *McMillen v. Klingensmith,* 467 S.W.2d 193 (Tex.1971), our supreme court abolished the unity of release rule and held that releases thereafter executed would be effective to release only those parties named or otherwise specifically identified therein. *Id.* at 196. In *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414 (Tex.1984) the court explained further that a tortfeasor can claim the protection of a release only if the release refers to him by name or with such descriptive particularity that his *identity or connection with the tortious event* cannot be doubted. *Id.* at 419 (emphasis added). An important policy concern behind the rule requiring specific identification of settling tortfeasors is to ensure that claimants do not inadvertently lose valuable rights against unnamed and perhaps unknown tortfeasors. *Id.* at 422. When an individual releases an employer from liability for the acts of an employee who has harmed him in an automobile accident he knows or can easily ascertain the identity of the employee, and knows his connection with the event which gave rise to the accident. We hold that a release of an employer and its "agent, servant" from damages arising from a motor vehicle collision between the claimant and the employer, by an instrument which specifies the city and date of the accident which gave rise to those damages, refers to the employee tortfeasor with such particularity that his identity or connection with the tortious event cannot be doubted. Accord-

ingly, we overrule appellant's last point of error and we affirm.