MUTUAL FIRE & AUTO. INS. CO.
v. GREEN.

No. 15199.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 15, 1950.

Rehearing Denied Jan. 19, 1951.

John Touchstone and George C. Cochran, both of Dallas, for appellant.

Frank Massey, of Fort Worth, for appellee.

McDONALD, Chief Justice.

This suit involves two separate and unrelated claims on a policy of automobile insurance. In a non-jury trial judgment was rendered in favor of appellee Green, the owner of the automobile, on both claims, and the insurer has appealed.

Appellee's automobile was covered by a policy of insurance issued by appellant. The coverage included what is commonly known as public liability and property damage, designed to protect the insured from claims for personal injuries and property damage made by third persons, and what is commonly known as $100 deductible collision, protecting the insured from damages done to his own car over and above the sum of $100, and also what the parties refer to as the medical payment coverage. These are common forms of insurance and need not be more fully described, except in the particular details hereafter set out.

On April 23, 1949, appellee's automobile was involved in a collision with another automobile in the State of Mississippi. Appellee reported the accident by long distance telephone to the agent of appellant in Fort Worth, Texas, who had sold the policy to appellee, and this agent in turn reported the accident to the home office of appellant in Dallas, Texas. Before noon of the same day an insurance adjuster in Jackson, Mississippi, got in touch with appellee at the latter named place and made an investigation of the collision.

Appellee left his automobile in a garage in Jackson, Mississippi, and proceeded by bus to his destination in the State of Florida. Within a few days he returned to Jackson, and immediately after arrival there was told by the insurance adjuster, that he had been sued by the owner of the other automobile and that appellee's automobile had been attached. The adjuster told appellee that appellant denied liability for the damages done to the third party because appellee was towing a trailer behind his automobile, in violation of the terms of the policy. Appellee thereupon employed an attorney, and compromised the claim of the third party by paying him the sum of $355.

Appellee then returned to Fort Worth, and filed a proof of loss with appellant's Fort Worth agent for the damage done to appellee's automobile, under the $100 deductible collision coverage of the policy. After some negotiations between them, appellee and the Fort Worth agent agreed on the sum of $225. as a settlement of the collision claim, appellant paid appellee that amount, and appellee executed a release reading as follows:

"Claim No. 670

"Policy No. 21203 AX

"Mutual Fire and Automobile Insurance Company

"Dallas, Texas

"Release

"The undersigned, Archie C. Green, of the City of Fort Worth, County of Tarrant, State of Texas, hereby acknowledges receipt of the sum of Two Hundred Twenty-Five Dollars ($225.00) paid to him by the Mutual Fire and Automobile Insurance Company on this date, and does hereby acknowledge that said sum is in full settlement and discharge of any and all amounts due to undersigned under Policy No. 21203 AX on account of an accident which occurred on or about the 23rd day of April, 1949, at or near Jackson, Mississippi, at about 4:00 o'clock A. M. Undersigned was driving his automobile East on Highway # 80 and collided with a 1940 Chevrolet owned and driven by T. G. Beckham.

"This release is given in conjunction with Proof of Loss dated May 16, 1949, wherein acknowledgment is made of receipt of $225.00. This release is attached to and made a part of said Proof of Loss and is concurrent therewith. It is the intent of this release to absolve the Mutual Fire and Automobile Insurance Company from any and all claims, of any nature whatsoever, in connection with said accident, and that said amount of $225.00 is the consideration for both the Proof of Loss and this release." Appellee's automobile was again

damaged in an accident in December of 1949, which we shall discuss later in the opinion.

The first claim asserted by appellee in this suit is for reimbursement of the sum of $355 which he paid in settlement of the claim made against him by the owner of the other automobile involved in the Mississippi collision. Judgment was rendered in favor of appellee on this claim, and appellant complains of the judgment under seven points of error under which it makes the following contentions: (1) and (2) Appellee settled and compromised with appellant any claims he may have had under the policy, arising out of the Mississippi accident, and released same. (3) There was no liability under the policy because appellee was towing a trailer, contrary to a provision in the policy. (4) Appellee did not turn over to appellant, as required by the policy, the summons served on appellee in the Mississippi suit. (5) Appellee voluntarily settled the Mississippi suit without giving appellant an opportunity to defend it. (6) There was no proof that $355 was a reasonable amount to pay in settlement of the suit. (7) There was no proof that appellee was liable for the damages sustained by the owner of the other automobile.

Both appellee and appellant's Fort Worth agent testified that the proof of loss filed with the latter pertained only to the claim, under the collision coverage, for damages done to appellee's automobile. The agent said that he did not attempt to settle the claim pertaining to the damages done to the other automobile in Mississippi, that he understood that he had no authority or duties with respect to the latter claim, and that he understood that the latter claim was being handled by the adjuster in Mississippi. He said that the amount of the settlement he and appellee agreed on was arrived at by obtaining estimates of the cost of repairing the damages done to appellee's automobile. The proof of loss was not in evidence, the testimony being that a search had been made for it in appellant's office but that it had not been found.

Construction of releases is governed by the general rules relating to construction of contracts. Effort is made primarily to ascertain and give effect to the intention of the parties as of the time the release was executed. The entire instrument will be considered. 36 Tex.Jur. 818. If the first paragraph only of the quoted release is considered, it would appear to be a general release of all claims growing out of the Mississippi accident, but the language of the second paragraph shows that the release was intended to be more limited in its scope. It is declared that the release is attached to and made a part of the proof of loss, although for some undisclosed reason the release was not attached to the proof of loss at the time of trial. It is declared that the release is given "in conjunction with" and that it is "concurrent" with the proof of loss. The release is ambiguous in that the proof of loss is not identified as to scope and contents, but the parol proof limits the proof of loss to the collision coverage. The parol evidence rule is not violated in allowing the proof of loss thus to be shown. The evidence amply supports the theory, which is consistent with the judgment, that the release was given for the purpose only of settling the collision loss, and that the consideration, to-wit, the $225, was intended by both parties as being paid only for the release of and in settlement of the collision claim.

This is not the case of splitting up a single claim into two or more parts. The property damage and the collision losses, though arising out of the same accident and under the same policy, were separate and distinct claims, and dependent in many respects on different facts to sustain them. It is easy to see that in many cases an insurer might settle promptly its liability under the collision coverage, while final disposition of the public liability and property damage coverages might be delayed to a later date. It is our opinion that the evidence is sufficient to show that appellee's claim for reimbursement of the $355 paid to the owner of the other automobile was not intended to be and was not compromised, settled or released.

■ One provision of the policy excluded coverage under the public liability and property damage provisions if a trailer was being towed, while another provision of the policy provided for coverage if the trailer was a "utility trailer * * * designed for use with a private passenger automobile, if not being used with another type automobile and if not a home, office, store, display or passenger trailer * *." At the time of the Mississippi accident appellee was towing a two-wheel home-made trailer he had built himself, about six feet long, on which was loaded some household belongings of his daughter. We believe the evidence justified the implied finding of the trial court that the trailer was a utility trailer designed for use with a passenger automobile, within the meaning of the clause of the policy last referred to.

■ We find no merit in appellant's contention that it should be relieved of liability because appellee did not deliver to appellant the summons served on him in the Mississippi suit. The evidence showed that the suit was filed before appellee returned to Jackson from Florida, and that he first learned of the suit through the adjuster in Jackson when appellee returned to Jackson. He was then told that appellant denied liability on the claim asserted by the owner of the other automobile. It is obvious that appellant would have pursued the course that it did pursue, in denying liability, even if the summons had been delivered to it, and the circumstances justify a finding that compliance with this provision of the policy was waived.

■ The fifth, sixth and seventh points of error are without merit. The evidence is sufficient to show that appellee made a reasonable settlement of the Mississippi suit. It is sufficient to show that appellant not only had a chance to defend that suit, but also that appellee called on appellant to defend it. The facts and circumstances, without having to resort to the statement of the adjuster himself, are sufficient to show that the adjuster in Jackson was employed by appellant to handle the matter of the claim asserted by the owner · of the other automobile against appellee.

Whether or not the evidence shows that appellee was legally liable to the owner of the other automobile, it is sufficient to show a reasonable basis for comprising the claim he had made against appellee.

We find no error in the judgment awarding to appellee the amount he paid out in settlement of the suit filed against him in Mississippi.

This brings us to the claim arising out of the accident which occurred in December, 1949. The claim is composed of two items. One is for the damages done to appellee's automobile, less $100 under the deductible collision coverage, the other is for $56 for medical payments, under the medical payment coverage. No specific point of error is directed at the award in the judgment for recovery of the medical payment item of $56, so we shall take no further note of it. The judgment awarded appellee a recovery of $200 on the deductible collision coverage. Four points of error are directed at this portion of the judgment.

■ First, it is argued that there is no competent evidence to show the amount of damage to appellee's automobile. Damage was sought on the basis of the reasonable cost of necessary repairs, which the trial court found to be the sum of $290. The burden of appellant's argument seems to be that the estimates of cost of repairs, made by the witnesses who testified, contemplated the use of new parts to replace damaged ones, and took no account of the difference in value which might result from the replacement of old parts with new ones, or as appellant puts it, failed to show the cost of repairs "with deduction for depreciation." If the use of new parts in the repair of the automobile would result in the automobile having an increased value, the burden of showing such fact rested on the appellant, under the holding in Pasadena State Bank v. Isaac, Tex.Sup., 228 S.W.2d 127. Reference is made to the cited opinion for a full discussion of the question. Furthermore, the amount of the judgment is less than some of the repair estimates, indicating that the trial court may have considered the matter of depreciation in rendering judgment.

Allowance for a tow-in charge of $10 in the judgment was warranted by the terms of the policy, which fact differentiates the case from Government Employees Ins. Co. v. Hanna, Tex. Civ.App., 219 S.W.2d 122, writ ref. n. r. e.

The tenth point attacks the allowance of interest on the recovery of $355 from the date appellee paid such amount to the owner of the other automobile in Jackson, Mississippi. We see no error in this respect. Furthermore, we see no merit in the contention that the judgment is too vague, indefinite and uncertain in amount to authorize the issuance of execution. The judgment contains a recital to the effect that interest is awarded at the rate of six per cent per annum on $355 from April 27, 1949, to date of judgment, "amounting to the approximate sum of $26.00." The quoted phrase may be treated as surplusage with the result that the amount of the judgment is capable of definite ascertainment from its own terms.

The judgment of the trial court is affirmed.