**FIDELITY–SOUTHERN FIRE INSURANCE COMPANY, Appellant,**

**v.**

**Matthew WHITE et ux., Appellees.**

**No. 16816.**

Court of Civil Appeals of Texas.

Fort Worth.

March 31, 1967.

———◆———

Harris & Ball and Joseph W. Stewart, Arlington, for appellant.

Jones, Fillmore, Robinson & Lambert and Glynn Purtle, Wichita Falls, for appellees.

## OPINION

RENFRO, Justice.

Suit was brought by Matthew White et ux. against Fidelity-Southern Fire Insurance Company to recover, under extensions of coverage, additional living expense.

Plaintiffs' residence, except for the foundation, was destroyed by tornado on April 3, 1964.

Defendant paid plaintiffs on April 7, 1964, the full amount of the policy, $12,600.-00, with three checks. Two of the checks, totaling $3,600.00, show on their faces they were in payment of household goods. The other, in the sum of $9,000.00, on its face shows the words, "Accepted in full and final payment of $\{$ Insd. Payee Tornado."

On the reverse side of the check appeared the words, "The endorsement hereof by the payee constitutes a receipt and release for the items mentioned in this draft."

Defendant contends that plaintiffs, by executing a proof of loss, hereinafter mentioned, and by accepting and endorsing the checks, finally and fully released defendant from all damages, and that its motions for directed verdict and for judgment notwithstanding the verdict should have been sustained.

The wording on the $9,000.00 check is ambiguous. It can reasonably be construed to be in full settlement for loss of the dwelling (the policy limit on the dwelling was $9,000.00) or it might be construed to be in settlement of all damages arising by reason of the tornado.

■ When a release is ambiguous parol evidence is admissible to show the real agreement between the parties. Mutual Fire & Auto Ins. Co. v. Green, 235 S.W. 2d 739 (Tex.Civ.App., 1950, no writ hist.).

■ The terms of the policy, language used in the proof of loss, and the wording on the three checks are to be construed to give proper meaning to the ambiguity.

We overrule defendant's contentions that the proof of loss and checks show a total release as a matter of law.

In answer to Issues Nos. 3 and 4 the jury found that plaintiff White executed a "Sworn Statement in Proof of Loss" (which stated a claim of $12,600.00, $9,-000.00 being designated "Dwg. Item of Policy" and $3,600.00 being described as "Cont. Item of Policy") and that such instrument contained the language, "In consideration of which the company is discharged and released from further claim as result of the loss herein referred to."

■ Issue No. 5 read: "If you have answered Special Issue No. 3 yes and only in that event, then answer the following Special Issue: Do you find from a preponderance of the evidence that at the time of execution, if any you have found, of said instrument, the parties thereto agreed that additional living expense was not included in the transaction. Answer 'It was included' or 'It was not included.'" The jury answered, "It was not included."

Defendant in appropriate points contends the answer to issue No. 5 was without support in the evidence, or that it was so against the overwhelming weight and preponderance of the evidence as to be clearly wrong.

Plaintiff White testified nothing was said by defendant's agent or himself about additional living expenses at the time the tornado damage was discussed and the various instruments were signed.

Defendant's Claims Manager who handled plaintiffs' claim testified the additional living expense provision was discussed and explained to the Whites; that the $9,000.00 check included settlement of any living expense claim they might then or thereafter have.

Mrs. White, being ill at time of trial, did not testify.

The jury could of course reject the Claims Manager's testimony that the additional living expense claim was settled. Disbelieving him, however, does not establish affirmatively that an agreement was reached. Plaintiff's testimony that living expense was not discussed, and was not mentioned to defendant until three months after the above mentioned checks were accepted, negatives rather than supports the claim that an agreement was made by the parties on April 7 not to include additional living expenses in the settlement. It is to be borne in mind the court in Issue No. 5 was requesting the jury to find whether *an agreement* had been made by the parties.

Some support for the jury finding might be found in the various instruments introduced and from the surrounding circumstances.

We agree with defendant, however, that the answer to the issue submitted was so against the preponderance of the evidence as to be manifestly wrong.

We forego further discussion of the contentions of the parties because another trial may be tried on different pleadings and submitted to the jury on different issues.

Reversed and remanded.