John Thomas BERRY, Appellant,

v.

Trellis Mitchell GUYER, Appellee.

No. 657.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

June 28, 1972.

Rehearing Denied Aug. 2, 1972.

J. D. Davis, Jerry D. Patchen, Davis & Patchen, Houston, for appellant.

Ralph E. Gustafson, J. W. Patten, Stafford & Patten, Houston, for appellee.

BARRON, Justice.

This suit involves the effectiveness of an alleged release of a claim for personal injuries allegedly sustained by John Thomas Berry on November 8, 1970, in Harris County, Texas.

Berry filed suit against Trellis Mitchell Guyer on December 11, 1970, alleging negligence and praying for damages in the sum of $9,500.00. Guyer answered on February 2, 1971, and denied the allegations. At the time of the collision, Berry was driving his fiancee's vehicle and was told by her that he would be required to sign the draft, and that it was made payable to the order of Josie Miller, the fiancee, and John J. Berry in the sum of $203.00. Mrs. Miller claimed that the insurance company wanted to pay her for damages to her car, and Berry stated by affidavit that he did not understand that the effect of his signing the draft would in any manner release the in-

surance company from its obligation to pay damages for his personal injuries. On the back of the draft sent to Mrs. Miller and Berry is a release as follows:

### "RELEASE

By the acceptance and endorsement of this draft it is agreed that said draft is in full and final settlement of all liability and claims against the person, firm or corporation covered under the terms of the policy as an insured and/or the UNITED STATES FIDELITY AND GUARANTY COMPANY as insurer because of *personal injuries or damage to property* resulting from an accident which occurred on or about the date stated on the face hereof." (Emphasis added)

The bank was given written notice also not to cash the draft unless the release was signed by the person to whom payable, without modification, and that endorsement of "ALL" payees was required. A claim number was referred to on the draft, but no summary judgment evidence appears in that regard. The draft was endorsed and the release consequently was signed by John *J.* Berry and Josie Miller. Berry's middle initial was a simple error.

On January 20, 1972, the trial court after a hearing entered summary judgment in favor of defendant, Guyer. Appeal has been duly perfected by Berry as appellant.

■ The construction of a release is governed by the general rules relating to construction of contracts, and an effort will primarily be made to ascertain and give effect to the intention of the parties as of the time a release was executed. Mutual Fire & Auto. Ins. Co. v. Green, 235 S.W.2d 739, 742 (Tex.Civ.App.–Fort Worth 1950, no writ); 50 Tex.Jur.2d Release Sec. 23, pp. 31, 32 (1963). Moreover, the rule that causes of action or items of damage cannot *ordinarily* be asserted in separate actions, and that a plaintiff must join in one suit all grounds of recovery, does not bar a plaintiff from releasing one item of damage and suing on the other. See Loy v. Kuykendall, 347 S.W.2d 726, 728 (Tex.Civ. App.–San Antonio 1961, writ ref'd n. r. e.).

■ As a general rule, a release covers only claims in existence or being urged at the time the release was delivered. See Knox v. Damascus Corporation, 200 S.W. 2d 656, 659 (Tex.Civ.App.–Galveston 1947, no writ). The insurance company's draft was dated November 24, 1970, some 16 days after appellant's accident made the basis of his suit. Certainly the claim was real, and he was shown to be asserting a claim for personal injuries. Appellant actually filed his lawsuit about 17 days later, on December 11, 1970.

■ We cannot escape the simple, unambiguous and direct terms of the release above quoted. The draft was made payable to the order of Josie Miller and John H. Berry, and both, by their endorsements, signed the release which in its very words released the insurer and the insured (appellee) from "personal injuries and damage to property" resulting from the accident. Mrs. Miller requested that appellant sign the draft and release, and Berry having damaged Mrs. Miller's vehicle, it was to his legal interest to do so. Appellant merely claims by his affidavit that he did not understand that his signing of the draft would in any way release the insurance company in the payment of his claim for personal injuries. We see no possibility of mutual mistake under these circumstances.

While an injustice may have occurred here, we believe that appellant has lawfully released his claims for personal injuries for which he sued. The trial court did not err in granting summary judgment in favor of appellee. See Fidelity-Southern Fire Insurance Co. v. Whitman, 422 S.W.2d 552, 557, 558 (Tex.Civ.App.– Houston (14th Dist.) 1967, writ ref'd n. r. e.). Affirmed.