James C. LAWSON, Appellant,

v.

Robert L. ULSCHMID, Appellee.

No. 5989.

Court of Civil Appeals of Texas, Waco.

Jan. 31, 1979.

Rehearing Denied March 1, 1979.

Gregory C. Horsley, Dallas, for appellant.

Byron L. Falk, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Lawson from summary judgment that he take nothing.

Plaintiff Lawson sued defendant Ulschmid alleging personal injuries resulting from defendant's negligence in an automobile collision occurring on June 16, 1976.

Defendant answered that plaintiff's cause was barred by a compromise settlement of a disputed claim and release entered into by plaintiff with defendant's in-

surance carrier's representative on June 18, 1976.

Thereafter defendant moved for summary judgment alleging defendant accepted a draft for $375. from its insurance carrier on June 18, 1976; that such draft provided "By endorsing this draft the payee accepts the proceeds of same in full payment of all claims arising from the loss or accident mentioned on the face hereof"; that plaintiff endorsed the draft and received a portion of the proceeds of same; and by such action settled and released all claims against defendant.

Attached to such motion was the affidavit of Matt Walker, Claims Representative of State Farm Mutual Automobile Insurance Company, which states that affiant's company had liability insurance on defendant's vehicle; that affiant "negotiated a settlement with Wanda Woods and plaintiff, and delivered them a draft dated June 18, 1976 for $375. payable to James Lawson and Wanda Woods; that the draft stated on its face "In payment of loss which occurred about 6/16/76", and on its reverse side stated "By endorsing this draft the payee accepts the proceeds of same in full payment of all claims arising from the loss or accident mentioned on the face hereof"; that the draft was delivered to plaintiff and accepted by him. Attached to such affidavit was the original of the draft for $375. payable to plaintiff and Wanda Woods, containing the language recited above and bearing the endorsement of plaintiff and Wanda Woods. Such check further reflects on the lower left-hand corner of the front " 200 | 1 | $375 ".

Defendant filed opposition to plaintiff's motion for summary judgment alleging existence of genuine issues of material fact; and that the release was procured through misrepresentation and fraud on the part of the insurance company. Attached was defendant's affidavit stating: "I was involved in an automobile accident on June 16, 1976. The car I was driving was owned by Mrs. Ruby Wood, who is the mother of Wanda Wood. On June 18, 1976 I accompanied Miss Wanda Wood to help her get paid for the damage to her mother's car. We went to the insurance office in Irving to get the damage estimated. The man there asked me if I was hurt and I told him 'No, I don't think so'. Then he told us he had estimated the damage to the car to be $375. but that we would have to go to a Dallas office to get the check. He gave us a piece of paper and sent us to Dallas. At the Dallas office we asked to see Matt Walker. He came and got us and took us back to his office. We gave him the paper we had gotten at the other office. He asked how the check should be made out and Wanda said to both of us. I guess she felt obligated to me because I had paid some of her bills before. Then Mr. Walker said 'here's the check for the car,' and we took it to the bank and cashed it. Nobody said anything about that this would compensate me for any injuries I might have. I did not even know I was injured at the time. I thought I was okay and that is what I told the insurance company".

Plaintiff's deposition reflects that the collision on June 16, 1976 "throwed my neck back and I just you know had a pop"; that he first started feeling anything other than being shook up "two or three days later * * * I just started getting a few little pains and more or less sore, and I started getting pains and headaches and I just let it go. Just took aspirins and let it go". He further stated he received bruises to his back and neck in the collision; that he had a little bit of pain and bruises right after the accident, but he thought it was just something minor; that he was sore the night of the accident and the next day and was still sore and hurting on June 18th.

He further testified in his deposition that the $375. draft was delivered to him and Miss Woods after he was asked if he had an injury claim; that the two of them endorsed and cashed the draft; that he received $150. and Wanda received the balance.

The trial court rendered summary judgment that plaintiff take nothing.

Fourteen days after judgment was rendered, plaintiff filed motion to set aside judgment, asserting plaintiff had newly discovered evidence that the payment code on the draft used as the basis for denying plaintiff's personal injuries reflects the monies paid by the draft were for property damage and not personal injuries; and therefore the release made the basis of the summary judgment is inapplicable to the case. Attached to such motion was the affidavit of Jack Taylor, attorney who stated he was claims representative for State Farm for 6 years, terminating in 1971; that during the years he worked for State Farm he was required to code drafts to reflect whether the claim was for personal injury or for property damage; that such code was placed in the lower left-hand corner; and was "200" to reflect property damage; and "100" to reflect personal injury.

Plaintiff appeals on 2 points:

1) "The trial court erred in entering summary judgment in favor of appellee since the release relied upon by appellee is inapplicable to the claims made the basis of appellant's suit as a matter of law.

2) "The trial court erred in entering summary judgment in favor of appellee since the summary judgment proof failed to establish as a matter of law the absence of a genuine issue as to any material fact.

It is undisputed that plaintiff was in collision with a car operated by defendant on June 16, 1976; that defendant was insured with State Farm; that State Farm, on behalf of defendant, on June 18, 1976 delivered to plaintiff and Wanda Woods a $375. draft dated June 18, 1976 payable to them; that the draft states "In payment of loss which occurred about 6/16/76 Name of Insured Robert Ulschmid"; that plaintiff signed his endorsement on the reverse side below the following: 1) By endorsing this draft the payee accepts the proceeds of same in full payment of all claims arising from the loss or accident mentioned on the face thereof".

Plaintiff's deposition reflects he was shook up and had pains on the night of the accident and continued to have pain, soreness and headaches for the next two days, even though plaintiff did not believe that he was seriously hurt. And plaintiff stated he received $150. of the money and Miss Wood took the balance. We cannot escape the simple, unambiguous and direct terms of the release, above quoted. We think plaintiff by signing release and receiving the money fully released his claims for personal injury for which he sued. *Berry v. Guyer*, CCA (Houston 14) NRE, 482 S.W.2d 719.

Plaintiff in his brief attaches importance to the notation on the check " $\boxed{200}$ $\boxed{1}$ $\boxed{\$375}$ "; and the affidavit of Jack Taylor attached to his motion to set judgment aside.

The trial court is charged with the duty of considering the record as it appears when the motion for summary judgment is heard. *Superior Stationers Corp. v. Berol Corp.*, CCA (Houston 1) NWH, 483 S.W.2d 857; *Mason v. Midcontinent Supply Co.*, CCA (Ft. Worth) NRE, 374 S.W.2d 922; *Rountree v. Bridwell*, CCA (San Antonio) NRE, 269 S.W.2d 824.

Plaintiff's points are overruled.

AFFIRMED

## OPINION ON REHEARING

Appellant Lawson urges in his motion for rehearing that this Court's opinion conflicts with *Page v. Baldon*, CCA (Dallas) NRE, 437 S.W.2d 625. In *Page*, the appellant owned the damaged vehicle, as well as asserted personal injuries. In the case at bar appellant did not own the damaged vehicle or any interest therein. The check to and settlement with appellant would of necessity be for some injury to him, and not for payment of any damage to the car which he did not own.

Motion for rehearing overruled.