**Margaret U. WILLIAMS and David E. Williams, Appellants,**

**v.**

**Stephen GLASH, Appellee.**

**No. 01–88–01047–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 13, 1989.

Rehearing Denied May 11, 1989.

Timothy A. Beeton and Laurette T. Williams, Simpson, Beeton & Leavenworth, Houston, for appellants.

Michael W. Cooper, Lueders & Boanerges, Houston, for appellee.

Before DUNN, WARREN and HUGHES, JJ.

## OPINION

DUNN, Justice.

This is an appeal from a summary judgment that was granted in favor of the appellee (the defendant below) in a personal injury suit.

Appellant Margaret Williams was a passenger in her family car, which was being driven by her husband, appellant David Williams, when it was struck from behind by appellee. At the time of the accident, there were no apparent injuries, although there was damage to appellants' car.

Immediately after the accident, Mrs. Williams contacted appellee's insurance company, State Farm Mutual Automobile Insurance Company, to inquire what to do about the damage to her car. Pursuant to the instructions given her, Mrs. Williams took the car to a State Farm facility. Once at the facility, Mrs. Williams was asked to fill out a claim form. She marked "No" to the question about whether anyone had been injured, because she was not yet aware of any injury.

An appraiser for the insurance company appraised the damage to appellants' car at $889.46. A check was issued to appellant, while she was at the facility, in the amount of $889.46. The back of the check contained the following release, which appellants signed when they endorsed the check:

> The undersigned payee accepts the amount of this payment in full settlement of all claims for damages to property and for bodily injury, whether known or unknown, which payee claims against any insured under the policy shown on the face hereof, or their respective successors in interest, arising out of an accident which occurred on or about the date shown. This release reserves all rights of the parties released to pursue their legal remedies, if any, against such payee.

Approximately three weeks after the accident, Mrs. Williams began experiencing pain in her head and jaw, which was ultimately diagnosed as "TMJ" (temporal mandibular joint). Her doctor's opinion was that the problem was caused by the accident. Appellants filed suit against appellee to recover for Mrs. Williams' injuries.

The appellee filed for summary judgment based upon appellants' release of all claims from the accident. Appellants responded that, among other things, the release was only for the damage to property and that a release of claims for personal injuries was not contemplated by the parties. The trial court granted the summary judgment.

Appellants bring four points of error, claiming that (1) there is a fact question as to whether a release of claims for personal injuries was contemplated by the parties, (2) there is an ambiguity on the face of the release, (3) there is no consideration for the release, and (4) the enforcement of the release offends public policy. We affirm.

First of all, we find no ambiguity in the language of the release. It clearly and simply states that appellants released appellee for any and all claims, property damage and bodily injury, whether the claims were known or unknown at the time. Secondly, we find that the consideration for the release was an immediate settlement of her property damage claim. Although a consideration may be small, if it is valuable and legal, it is not sufficient grounds for setting aside a release. *Slade v. Phelps,*

446 S.W.2d 931, 933 (Tex.Civ.App.—Tyler 1969, no writ).

A release encompasses the contractual element of mutual intent. *Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87, 92 (Tex.1973). The intent of the parties must be determined by the objective standard of what the parties said and did, not by their alleged subjective state of mind. *McClellan v. Boehmer*, 700 S.W.2d 687, 691 (Tex. App.—Corpus Christi 1985, no writ).

We cannot escape the clear, simple terms of this release. *Berry v. Guyer*, 482 S.W.2d 719, 720 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.). Even though no one at State Farm explained the effect of the release to appellants, the location of the release on the back of the draft and appellants' signature below the release make obvious the fact that appellants saw the release. *McClellan v. Boehmer*, 700 S.W.2d at 692. As a general rule, a written release cannot be avoided on the ground that the releasor was ignorant of, or mistaken about, the contents of the release, or failed to read the same before signing it. *Tobbon v. State Farm Mut. Auto. Ins. Co.*, 616 S.W.2d 243, 245 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.).

Appellants find significance in the insurance code number "200–1" on the face of the check. The record establishes that State Farm uses "200–1" to indicate a property claim. The company uses a different code for personal injury claims. Appellants, relying on *Lawson v. Ulschmid*, 578 S.W.2d 434 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.), argue that this code number evidences State Farm's intent to negotiate a property claim *only*. In *Lawson*, the plaintiffs did not present evidence of the meaning of "200–1", written on the face of the check, until their motion for new trial. The appellate court affirmed because the trial court was only obligated to rule on the summary judgment motion based on the record before it at the time of the hearing. *Id.* at 436.

Appellants argue that it follows from *Lawson* that, if the evidence concerning the meaning of "200–1" is presented in response to the motion for summary judg-

ment, as was done in this case, the trial court must deny the motion for summary judgment, and order the cause to trial on the question of intent. We infer no such authority from *Lawson*. While the appellate court affirmed on the record as it stood at the time of the hearing on the summary judgment, there is nothing in its opinion that suggests the outcome must be different if the evidence is presented timely.

We do not find significance in State Farm's code system because appellants do not contend they were aware of its meaning at the time they signed the release. Therefore, it could have had no bearing on their decision to sign it.

While we sympathize with appellants' situation, we do not find that any of the authorities cited by appellants support their contentions on appeal. Appellants distinguish their situation from the cited authorities in that there was no known injury to contemplate at the time of the release, whereas, in the cited cases, both property damage and personal injuries were known at the time the parties signed their releases.

We note the distinction; however, appellants' release specifically includes injuries "whether known or unknown." Texas courts have been very consistent in ruling that ignorance or mistake about the contents of a release, or failure to read the release, is not grounds for avoidance thereof. *McClellan v. Boehmer*, 700 S.W.2d at 692; *Tobbon v. State Farm Mut. Auto. Ins. Co.*, 616 S.W.2d at 245.

Lastly, appellants ask us to find that such a release offends public policy. They rely on *Exxon Corp. v. Brecheen*, 526 S.W. 2d 519 (Tex.1975). However, in *Exxon*, the circumstances were quite distinguishable. The plaintiff was required to sign a release prior to entering a chemical plant. This release was a routine requirement for everyone entering the premises. It purported to waive any claims of Exxon's possible future negligence. The court found that such a release was void as against

public policy. The release before us is not comparable to the *Exxon* release.

■ A release is not against public policy simply because the person signing it failed to read it or question it. Absent a showing of fraud or ambiguity, the person signing the release cannot avoid its consequences. A release, valid on its face, until set aside, is a complete bar to any later action based on matters included in the settlement agreement and covered by the release. *Tobbon v. State Farm Mut. Auto. Ins. Co.*, 616 S.W.2d at 245. Therefore, the trial court did not err in granting appellee's motion for summary judgment.

The judgment of the trial court is affirmed.