MARY'S OPINION HEADING 



















NO. 12-05-00386-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

SETH GRIMES,                                            §                      APPEAL FROM THE 294TH

APPELLANT

 

V.                                                                    §                      JUDICIAL DISTRICT COURT OF

 

AMBER
DAWN DIKE,

APPELLEE                                                   §                      VAN ZANDT COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            This is an appeal from a summary judgment granted
Defendant-Appellee, Amber Dawn Dike.  In
two issues, Plaintiff-Appellant, Seth Grimes, asserts that the trial court
erroneously interpreted a release of liability. 
We reverse and remand.

 

Background

            Dike and Grimes were involved in an auto accident.  Dike had two primary insurers who provided
coverage for losses suffered in the accident, Southern Farm Bureau Casualty
Insurance Company (“Southern”) and Metropolitan Casualty Insurance Company (“Metropolitan”).  In May 2004, Grimes, in consideration of
$25,000 paid by Southern, signed a form release releasing Amber Dike, Eddie
Dike, Southern, and all its agents and employees from

 

[a]ny
and all past, present or future claims, demands, obligations, actions, causes
of action, wrongful death claims, rights, damages, costs, losses of services,
loss of consortium, expenses and compensation of any nature whatsoever, whether
based on a tort, contract or other theory of recovery, which the releasor now
has, or which may hereafter accrue or otherwise be acquired, on account of, or
in any way growing out of the accident described above. . . .








On the second page of the
release, a typed paragraph was added, which reads as follows:

 

[T]he
full release applies to Releasee individually and Company.  Releasee and Company and Releasor do not
intend by this agreement to preclude Releasor from seeking additional money
from other insurance companies that have liability coverage incident to the accident
in question.

 

 

Grimes contends that it was the
intent of the parties that Southern be released entirely and that Dike be
released from any personal liability, but that Grimes retain the right to
obtain an additional recovery from Dike’s other carrier, Metropolitan.

            Because a third party may not ordinarily sue a tortfeasor’s
insurer, Grimes later sued Dike solely, he insists, to “trigger” Metropolitan’s
coverage.  Dike pleaded the release as an
affirmative defense.

            Dike moved for both traditional and no evidence summary
judgments.  Grimes filed a response with
affidavits.  The trial court granted Dike’s
motion for summary judgment, but its order does not state the basis of its
ruling.

 

Grant of Summary Judgment

             In his first
issue, Grimes contends the trial court erred in determining that the release
unambiguously precluded suit against Dike and entering summary judgment,
despite the typewritten provision of the release reserving to Grimes the right
to seek “additional money from other insurance companies that have liability
coverage incident to the accident in question.” 
In his second issue, Grimes maintains the trial court erred in ignoring
the intention of the parties and the facts and circumstances attending the
execution of the release as set forth in the affidavits of Grimes’s counsel and
of Southern’s adjuster who negotiated the release.

Standard of Review

            A summary judgment is reviewed de novo.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2003). 
In the case of a traditional summary judgment, (1) the movant has the
burden of showing that there is no genuine issue of material fact and the
movant is entitled to judgment as a matter of law; (2) in deciding whether
there is a material fact issue precluding summary judgment, evidence favorable
to the nonmovant will be taken as true; (3) every reasonable inference must be
indulged in favor of the nonmovant; and (4) any doubts must also be resolved in
favor of the nonmovant.  D.
Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002). 
Once the movant has established a right to summary judgment, the
nonmovant must respond to the motion for summary judgment by presenting to the
trial court any issues that would defeat the movant’s right to summary
judgment.  Failing to do so, the
nonmovant may not later assign them as error on appeal.  City of Houston
v. Clear Creek
Basin Auth., 589 S.W.2d 671,
679 (Tex.
1979).  A motion for summary judgment
must present the grounds upon which it is made, and it must stand or fall on
these grounds alone.  See Tex. R. Civ. P. 166a(c).  Issues not expressly presented to the trial
court by written motion or response to the motion for summary judgment cannot
be considered by an appellate court as grounds for reversal.  Clear Creek Basin Auth., 589 S.W.2d
at 674-75; see also Tex. R. Civ.
P. 166a(c).  When the motion for
summary judgment is based on several grounds, and the trial court does not
state the basis for granting the motion, the summary judgment must be affirmed
if any of the theories urged by the movant are meritorious.  FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872-73 (Tex. 2001).

            A no evidence motion must specifically set forth the
elements of the adverse party’s claim or defense for which there is no
evidence.  Tex. R. Civ. P. 166a(i). 
Upon the filing of the motion, the burden shifts to the nonmovant, who
must present “more than a scintilla of probative evidence to raise a genuine
issue of material fact.”  Jackson
v. Fiesta Mart, Inc., 979 S.W.2d 68, 70-71 (Tex. App.–Austin 1998, no
pet.).  If the nonmovant fails to provide
evidence raising a genuine issue of material fact, the trial court must grant
the motion.  Tex. R. Civ. P. 166a(i). 
A no evidence summary judgment is essentially a pretrial directed
verdict, and the same legal sufficiency standard is applied by appellate
courts.  Texas Capital Sec. Mgmt.,
Inc. v. Sandefer, 80 S.W.3d 260, 264 (Tex. App.–Texarkana 2002, no pet.).

Applicable Law

            A release is a contract and is subject to the same rules
of construction as a contract.  Williams v.
Glash, 789 S.W.2d 261, 264 (Tex.
1990).   “If [a contract] is so worded
that it can be given a certain or definite legal meaning or interpretation,
then it is not ambiguous and the court will construe the contract as a matter
of law.”  Coker v. Coker,
650 S.W.2d 391, 393 (Tex.
1983).  “A contract, however, is ambiguous when its
meaning is uncertain and doubtful or it is reasonably susceptible to more than
one meaning.”  Id.  “Whether a contract is ambiguous is a
question of law for the court to decide by looking at the contract as a whole
in the light of the circumstances present when the contract was entered.”  Id.
at 394.  “When a contract contains an
ambiguity, the granting of a motion for summary judgment is improper because
the interpretation of the instrument becomes a fact issue.”  Id.  “In construing a written contract,
the primary concern of the court is to ascertain the true intention of the
parties as expressed in the instrument.” 
Id.
at 393.  Courts should examine and
consider the entire writing in an effort to harmonize and give effect to
all the provisions of the contract so that none will be rendered
meaningless.  Id.;
see also J. M. Davidson, Inc. v. Webster, 128 S.W.3d 223,
229 (Tex.
2003).  “No single provision taken alone
will be given controlling effect; rather, all the provisions must be considered
with reference to the whole instrument.” 
Coker, 650 S.W.2d at 393.

            If typewritten provisions of a contract conflict with
printed provisions, the typewritten provisions must be given effect over the
printed provisions.  McCreary v.
Bay Area Bank & Trust, 68 S.W.3d 727, 732 (Tex. App.–Houston [14th
Dist.] 2001, pet. dism’d).

            Where a release is ambiguous, parol evidence may be
offered to explain its ambiguities.  Punch
v. Gerlach, 267 S.W.2d 182, 185 (Tex. Civ. App.–Beaumont 1954, writ ref’d
n.r.e.); Ditto v. Piper, 244 S.W.2d 547, 549 (Tex. Civ. App.–Fort
Worth 1951, writ ref’d n.r.e.).  Parol
evidence is admissible to explain both latent and patent ambiguities.  Roberts v. Short, 1 Tex. 373, 380-81 (1846);
Mercantile Nat’l Bank at Dallas v. Nat’l Cancer Research Found.,
488 S.W.2d 605, 610 (Tex. Civ. App.–Dallas 1972, writ ref’d n.r.e.).  A release is to be construed in the light of
the facts and circumstances surrounding its execution.  Boales v. Brighton Builders, Inc.,
29 S.W.3d 159, 167 (Tex. App.–Houston [14th Dist.] 2000, pet. denied).  The court in Mutual Fire & Auto
Ins. Co. v. Green, 235 S.W.2d 739 (Tex. Civ. App.–Fort Worth 1950, no
writ), held that parol evidence may be considered to interpret a release
wherein a broad general release is recited in the first paragraph, but later
language appears to limit the broad release. 
Id.
at 742.

Discussion

            Grimes argues the trial court ignored three controlling rules
of contract construction: (1) construe the entire instrument not giving any
single provision controlling effect; (2) construe the instrument so that no
provision is rendered meaningless; and (3) construe typed provisions as
controlling.

            Grimes further maintains that it well recognized under Texas law that a third
party cannot sue an alleged tortfeasor’s insurer directly before judgment.  He insists that under the law, which the
contracting parties are presumed to have known, the only mechanism available
for him to pursue Metropolitan’s coverage incident to the accident was to sue
Dike directly in order to have her liability determined and thereby reach the
coverage provided by the nonsettling carrier. 
Grimes explains that this is the only way for him to exercise the right
expressly reserved to him in the release. 
He argues that if the entire release is considered, giving effect to all
its provisions so that none will be rendered meaningless, the typed provision must
mean something.  He urges that “the only
thing it can mean under Texas
law is that the parties [to the release] limited the release to preclude
personal liability but allow suit [against Dike] to trigger insurance coverage.”  According to Grimes, “[a]ny other
interpretation renders the provision meaningless, and contradicts the
undisputed actual intent of the parties, which was to allow exactly this suit
to recover insurance proceeds against Metropolitan.”

            Dike concedes that considering the written language of
the document, the parties intended for Grimes to preserve his ability to pursue
additional insurance coverage, but not his ability to pursue her.  She argues that the release demonstrates the
parties’ intent to completely release her. 
Dike contends that “[t]he fact that [Grimes] preserved a contractual
right that Texas law does not allow him to exercise does not change the intent
of the parties as expressed in the release.” 
If the parties intended to preserve the ability of Grimes to sue her,
Dike argues, “they could have written the release that way.”

            We agree that, with the benefit of hindsight, the parties
could have easily drawn the release to more clearly express the purpose Grimes
maintains was intended.  And it is not
apparent that the language used in the typewritten paragraph is adequate,
unaided by other evidence, to accomplish the avowed end of releasing Dike from
all personal liability, while still permitting Grimes to file suit against her
for the sole purpose of recovering insurance proceeds from Metropolitan.

            The interpretation urged by Dike, however, ignores the
cardinal rule of contract construction, that when construing a contract, “courts
must examine and consider the entire writing in an effort to harmonize and give
effect to all [its provisions] so that none will be rendered meaningless.”  J.M. Davidson, 128 S.W.3d at
229.  Dike’s interpretation gives effect
only to the provisions of the printed form release and renders the typewritten
provision meaningless.  When there is a
conflict between printed and typewritten clauses in a document, the typewritten
provisions must be given effect over the printed provisions.  McCreary, 68 S.W.3d at 732.

            The parties included in the release two seemingly
inconsistent statements regarding its scope. 
We have considered the entire release in the light of the circumstances
surrounding its execution.  We conclude
that the instrument is ambiguous because it is susceptible to more than one
interpretation and that extrinsic evidence will be required to resolve the
ambiguity.  A fact issue exists as to its
legal effect.  Therefore, summary
judgment was not appropriate.  

 

Disposition

            The judgment is reversed and the cause remanded
to the trial court for further proceedings.

 

                                                                        BILL BASS    

                                                                             Justice

 

 

Opinion
delivered July 12, 2006.

Panel
consisted of Worthen, C.J., Griffith,
J. and Bass, Retired Justice, Twelfth
 Court of Appeals, Tyler
,
sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)




[1] 




 
 
 
 
 
 
 


 

 

 

 

 



COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

JUDGMENT

 

JULY 12, 2006

 

NO. 12-05-00386-CV

                                    

SETH GRIMES,

Appellant

V.

AMBER DAWN DIKE,

Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



  Appeal from the 294th Judicial District Court

  of Van Zandt County, Texas.
(Tr.Ct.No. 05-00343)

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 

 



                                    THIS CAUSE
came to be heard on the appellate record and briefs filed herein, and the same
being inspected, because it is the opinion of this Court that there was error
in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this
Court that the judgment be Reversed
and the cause Remanded to the trial court For Further Proceedings in accordance with the opinion of this
Court; and that this decision be certified to the court below for observance.

                                    Bill
Bass, Justice.

                                                Panel
consisted of Worthen, C.J., Griffith,
J., and Bass, Retired Justice,

                                                Twelfth Court of Appeals, Tyler
, sitting by assignment.

 









THE STATE OF TEXAS

M A N D
A T E

*********************************************

 

 

TO THE 294TH DISTRICT COURT of
VAN ZANDT COUNTY, GREETING: 

 

            Before our Court of Appeals for the 12th Court of Appeals
District of Texas, on the 12th day of July, 2006, the cause upon appeal to
revise or reverse your judgment between

 

SETH
GRIMES, Appellant

 

NO.
12-05-00386-CV; Trial Court No. 05-00343

 

Opinion
by Bill Bass, Justice.

 

AMBER DAWN DIKE,
Appellee

 

was
determined; and therein our said Court made its order in these words:

 

            “THIS CAUSE came to be heard on the
appellate record and briefs filed herein, and the same being inspected, because
it is the opinion of this Court that there was error in the judgment of the
court below, it is ORDERED, ADJUDGED and DECREED by this Court that the
judgment be Reversed and
the cause Remanded to the trial court For Further Proceedings in accordance with the opinion of this
Court; and that this decision be certified to the court below for observance.”

 

            WHEREAS, WE COMMAND YOU to
observe the order of our said Court of Appeals for the Twelfth Court of Appeals
District of Texas in this behalf, and in all things have it duly recognized,
obeyed, and executed.

 

            WITNESS, THE HONORABLE JAMES T.
WORTHEN, Chief Justice of our Court of Appeals for the Twelfth Court of
Appeals District, with the Seal thereof affixed, at the City of Tyler, this the ______
day of __________________, 200____.








 

                                    CATHY S. LUSK, CLERK

 

 

                                    By:_______________________________

                                         Deputy Clerk













 [1]J.33       REVERSE & REMAND FOR FURTHER
PROCEEDINGS - CRIMINAL