gl 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-299-CV





CASSIE BLAIR,



 APPELLANT


vs.





TEXAS DEPARTMENT OF HUMAN SERVICES, ET AL.,



 APPELLEES



 




FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY



NO. 203,253, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING




 


 




 This cause involves the jurisdiction of the Texas courts to review decisions of the
Texas Department of Human Services (DHS) regarding eligibility for Medicaid nursing-home
benefits. Because we conclude that the DHS eligibility-review procedures provide Medicaid
applicants with due process of law, we will affirm the trial court judgment dismissing this appeal
for lack of jurisdiction. 



BACKGROUND


 Cassie Blair applied to DHS for Medicaid nursing-home benefits in November
1989. DHS found that Blair was ineligible to receive benefits for December 1989 and January
1990 because her assets exceeded the benefit-eligibility limits, but determined that she was eligible
for benefits beginning February 1990. Blair appealed the eligibility determination and DHS
upheld its decision following a so-called "fair hearing" review within the agency. 

 Blair then filed suit in Travis County Court at Law, asserting that the Department
and the hearing officer had erroneously denied her Medicaid benefits for the two months at issue. 
Specifically, Blair contended that DHS incorrectly calculated her assets because DHS (1) failed
to classify a savings account as a burial account, and (2) failed to treat a transfer of a certificate
of deposit to her son as an uncompensated transfer. On DHS's special exceptions, the trial court
dismissed the suit for lack of jurisdiction. Blair now challenges that dismissal.



DISCUSSION


 In a single point of error, Blair argues that the trial court erred in dismissing her
suit because the courts have an inherent right to review DHS decisions denying public benefits.

 Blair and DHS agree that the Texas Legislature has specifically precluded judicial
review of agency administrative decisions involving the granting or denying of welfare benefits. 
See Tex. Rev. Civ. Stat. Ann. art. 6252-13a, § 21(b) (Supp. 1992). Blair argues that she
nonetheless has an inherent right to judicial review in this cause because Medicaid benefits are a
vested property right and Texas courts may exercise judicial review where an agency action
adversely affects a vested property right. She concedes that she was afforded adequate procedural
due process within the administrative agency.

 DHS defines Blair's right as a constitutional right to the protection of procedural
due process and urges this Court to focus on whether DHS's hearing process is constitutionally
sufficient, absent judicial review, to satisfy this right. According to DHS, this Court need not
determine whether welfare benefits constitute a vested property right because, however the courts
characterize these benefits, the DHS appeals process provides due process to welfare applicants
and recipients. We agree. 

 The Texas Constitution states that "[n]o citizen of this State shall be deprived of
life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by due
course of the law of the land." Tex. Const. art. I, § 19. (1)
 A person has a constitutionally
protected interest in a benefit if he has a legitimate claim of entitlement to it. Armstrong v. Harris
County, 669 S.W.2d 323, 327 (Tex. App. 1983, writ ref'd n.r.e.). The process afforded does not
depend upon whether the applicant or recipient's property interest is "vested." We believe that
distinction is of no legal consequence if the administrative hearing process affords adequate due
process. 

 Due process does not require judicial review of an administrative decision. 
Crawford v. City of Houston, 600 S.W.2d 891, 894-95 (Tex. Civ. App. 1980, writ ref'd n.r.e.). 
A person may receive due process of law although the tribunal exercising jurisdiction over rights
or privileges protected by the due process clause is an administrative one. See Francisco v. Board
of Dental Examiners, 149 S.W.2d 619, 622 (Tex. Civ. App. 1941, writ ref'd). Thus, we agree
with appellee that this Court should focus on whether the DHS fair hearing process afforded Blair
her right to procedural due process under the Constitution. 

 Federal law supports our decision to focus on the due process afforded by the DHS
fair-hearing procedure. Under federal cases analyzing entitlement to benefits, once a person
shows that he has a legitimate claim of entitlement sufficient to create a property interest, the court
must next determine what process will protect that interest. See Matthews v. Eldridge, 424 U.S.
319, 334 (1976); Goldberg v. Kelley, 397 U.S. 254, 262-63 (1970); Johnston v. Shaw, 556
F.Supp 406, 413 (N.D. Tex. 1982). 

 A Medicaid applicant who seeks review of a DHS eligibility decision may do so
by requesting a "fair hearing." See Tex. Dep't of Human Services, 40 Tex. Admin. Code
§ 79.1102(A)(i) (West 1989 & Supp. 1992). DHS contends that its fair-hearing procedure
provided Blair with all of the due process that is constitutionally required. We agree. 

 The Administrative Code states that DHS must inform all benefit applicants
aggrieved by a DHS decision of their right to a fair hearing. Id. § 79.1202(a). In addition to
informing the applicant of the right to appeal, the DHS worker must explain the appeal procedure
and the right to representation, and must also inform the applicant about legal services available
in the community. Id. The applicant then has ninety days from the date of the decision to file an
appeal. Id. § 179.1207(a). During the fair-hearing proceeding, the applicant has a right to: 
examine documents, records, and any other evidence to be used at the fair hearing procedure;
present the case personally or with the aid of a representative, including counsel; bring witnesses;
present evidence; establish pertinent facts and circumstances; and confront and cross-examine
adverse witnesses. Id. § 79.1302(a). 

 The Supreme Court has held in the context of social welfare that due process is a
flexible concept which requires procedural protection suited to the particular situation. See 
Matthews, 424 U.S. at 334; Morrisey v. Brewer, 408 U.S. 471, 481 (1972). In Matthews, the
Supreme Court identified three interests the courts must consider in determining what process is
due in a given situation:



First, the private interest that will be affected by the official action; second, the
risk of an erroneous deprivation of such interest through the procedures used, and
the probable value, if any, of additional or substitute procedural safeguards; and
finally, the Government's interest, including the function involved and the fiscal
and administrative burdens that the additional or substitute procedural requirements
would entail.



424 U.S. at 335.

 We recognize that Blair has a considerable private interest in receiving Medicaid
nursing-home benefits. However, we believe DHS's fair-hearing procedures, which comport with
the due process requirements set out in Goldberg, 397 U.S. at 267-271, (2) satisfy the due process
requirements of the state and federal constitutions. Judicial review would provide only minimal
additional protection to Medicaid applicants at a potentially enormous cost to the government.



DISPOSITION


 Because we believe the DHS fair hearing afforded Blair her right to due process
under art. I, § 19 of the Texas Constitution, we conclude that Blair has no statutory or
constitutional right to judicial review of the DHS decision denying her Medicaid benefits. 
Accordingly, we overrule her point of error, and affirm the trial court judgment dismissing this
suit for lack of jurisdiction. 



 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: June 24, 1992

[Publish]

1.   The Due Process clause of the Fourteenth Amendment commands that no state shall
deprive any person of life, liberty, or property without due process of law. U.S. Const.
amend XIV, § 1. The phrases "due course of law" and "due process of law" cover the same
concept and are typically referred to as the due process clauses of the state and federal
constitutions. George D. Braden, The Constitution of the State of Texas: An Annotated and
Comparative Analysis, 68 (1977). Whatever the United States Supreme Court determines
is a denial of due process is binding upon the Texas courts, although Texas courts are free
to go beyond Fourteenth Amendment requirements. Id. at 68-69.

2.   In Goldberg, the Court established a right to an "evidentiary hearing" before terminating
welfare benefits and held that the hearing must include the following elements: (1) timely and
adequate notice detailing the reasons for a proposed termination; (2) an effective opportunity to
defend by confronting any adverse witnesses and by presenting arguments and evidence orally;
(3) retained counsel, if desired; (4) an impartial decisionmaker; (5) a decision resting "solely on
the legal rules and evidence adduced at the hearing"; and (6) a statement of the reasons for the
decision and the evidence relied upon. 397 U.S. at 266-71.